**SWAYNE & HOYT, Limited, et al. v. KERR GIFFORD & CO. et al.**

No. 333.

District Court, E. D. Louisiana.

Dec. 2, 1935.

Terriberry, Young, Rault & Carroll (by Joseph M. Rault), of New Orleans, La., for complainants.

Denegre, Leovy & Chaffe (by Harry McCall), of New Orleans, La., and Spencer, Gidiere, Phelps & Dunbar (by W. B. Spencer), of New Orleans, La., for defendants.

BORAH, District Judge.

Complainants are here seeking injunctive relief against the owner, charterer, and master of the steamship Suweid, the contention being urged that complainants have a right of action against these defendants under the Intercoastal Shipping Act, 46 U.S.C.A. §§ 843–848, and section 29 of the Shipping Act of 1916. Section 29 of the Shipping Act of 1916, 46 U.S. C.A. § 828, provides that: "In case of vi-

olation of any order of the board, other than an order for the payment of money, the board, or any party injured by such violation, or the Attorney General, may apply. to a district court having jurisdiction of the parties; and if, after hearing, the court determines that the order was regularly made and duly issued, it shall enforce obedience thereto by a writ of injunction or other proper process, mandatory or otherwise."

Having heard the argument of counsel and the evidence, the court has reached the legal conclusion that no order was issued in this case, such as is contemplated by the statute. The order which the statute contemplates is an order which duly issues after a hearing .upon complaint and answer, or an order which the Board on its own motion issues after first having instituted inquiry in the matter.

The contention is further urged that the court has original jurisdiction to determine this controversy by virtue of section 41, paragraph 8 of 28 U.S. Code Annotated, which reads as follows: "Of all suits and proceedings arising under any law regulating commerce."

This contention, in my judgment, is put at rest by the decision of the United States Supreme Court in the case of United States Navigation Company, Inc., v. Cunard S. S. Company, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408. The court in that case stated (284 U.S. 474, at page 480, 52 S.Ct. 247, 76 L.Ed. 408): "It may be conceded that looking alone to the Sherman Anti-Trust Act, the bill states a cause of action under sections 1 and 2 of that act (15 U.S.C.A. §§ 1, 2) and, consequently furnishes ground for an unjunction under section 16 of the Clayton Act (15 U.S.C.A. § 26) unless the Shipping Act [46 U.S.C.A. § 801 et seq.] stands in the way; and this was the view of both courts below."

Again (284 U.S. 474, at page 485, 52 S.Ct. 247, 76 L.Ed. 408), with reference to that proposition, the court said: "A comparison of the enumeration of wrongs charged in the bill with the provisions of the sections of the Shipping Act above outlined conclusively shows, without going into detail, that the allegations either constitute direct and basic charges of violations of these provisions or are so interrelated with such charges as to be, in effect, a component part of them; and the remedy is that afforded by the Shipping Act, which to that extent supersedes the anti-trust laws."

By analogy that same process of reasoning applies to the instant case, as the Shipping Act in my judgment is more comprehensive in its nature and supersedes' that provision of the act which gives general jurisdiction to the court to decide matters arising under any law regulating commerce.

It is my thought that the remedy which complainants have is amply provided for in section 22 of the act (46 U.S.C.A. § 821), and that they must first seek recourse from the board before they can come to this court and ask for injunctive relief.

For the reasons orally assigned, the application for interlocutory injunction will be denied and the bill dismissed.