**AMERICAN UNION TRANSPORT,**
**Inc., Plaintiff,**

**v.**

**RIVER PLATE & BRAZIL CONFER-**
**ENCES, International Freighting Cor-**
**poration, Inc. (I.F.C. Lines), Lamport**
**& Holt Line, Ltd., Lloyd Brasileiro**
**(Patrimonio Nacional), Moore-McCor-**
**mach Lines, Inc. (American Republics**
**Line), Defendants.**

United States District Court
S. D. New York.

Nov. 30, 1954.

George F. Galland, Washington, D. C., Becker, Maguire & Galland, Melvin Spaeth, Washington, D. C., of counsel, for plaintiff.

Kirlin Campbell & Keating, New York City, for defendants.

**EDELSTEIN, District Judge.**

In a treble damage suit under the antitrust laws, the defendants and the Federal Maritime Board as intervenor move to dismiss on the ground that the complaint presents issues of fact and law within the primary jurisdiction of the board. The plaintiff is a freight forwarder in foreign commerce and complains of a conspiracy among defendants to restrain foreign trade by denying payment to plaintiff of freight brokerage on a shipment of diesel locomotives to Brazil. The defendants are a voluntary association of steamship lines and its members, operating in the foreign commerce of the United States from North Atlantic ports to ports in Brazil, pursuant to a basic agreement approved by the United States Shipping Board (predecessor of the Federal Maritime Board) under the authority of § 15 of the Shipping Act, as amended, 46 U.S.C.A. § 814. The complaint alleges, in brief, that after the plaintiff had been appointed as the broker in charge of arranging shipment of the locomotives and after it had performed its function, the Conference held a meeting at which its members agreed that no member line would thereafter be permitted to pay brokerage in any amount on the freight for this shipment. Such agreements are asserted to be unlawful under the decisions, rules and orders issued by the board and sustained by the courts. It is further alleged that the agreement was never submitted to the board for approval under § 15 of the Shipping Act and was never approved by it. Inasmuch as agreements among common carriers by water in the foreign commerce of the United States are exempted from the antitrust laws only in so far as they have been approved by the Maritime Board, under § 15 of the Shipping Act, it is alleged that the brokerage agreement among defendants, not having been submitted to or approved by the board, is not within the exemption of the antitrust laws, but is subject to them, with the plaintiff being entitled to the judicial remedies those laws afford.

The basis for the motion to dismiss is that the complaint contains allegations constituting charges of violations of the Shipping Act and the remedy is that afforded by the act, which to that extent supersedes the antitrust laws. Therefore, there is no right to a remedy under the antitrust laws and the failure of the conference to file an agreement is irrelevant to the issue of the board's primary jurisdiction. United States Navigation Co. v. Cunard S. S. Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408; Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. The plaintiff replies, however, that the United States Navigation and Far East Conference cases are distinguishable on their facts. In those cases injunctions were sought under the antitrust laws to prevent the future use of a dual rate system. And the doctrine of primary administrative jurisdiction was meant to apply "in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion * * *." Far East Conference v. United States, supra, 342 U.S. at page 574, 72 S.Ct. at page 494. Thus, in order to secure uniformity and consistency in the regulation of a business, an agency created by Congress for regulating the subject matter should not be passed over. Here, where no injunction is sought, but only damages for a past act, no issue of fact or discretion in technical matters is presented, nor any issue "not within the conventional experience of judges". All that is needed is a finding that an agreement which should have been filed and approved to secure exemption from the antitrust laws was not filed or approved; and, consequently, defendants failed to obtain the antitrust immunity provided for under § 15 of the Shipping Act. There can be no problem of the nullification of an injunction by future board approval of an agreement concerning enjoined conduct. The argument is appealing. The dissenting opinion of Mr. Justice Douglas, with whom Mr. Justice Black concurred, in the Far East Con-

ference case, goes further. It expresses the view that, even where an injunction is sought, the defendants, having failed to obtain antitrust immunity by filing their agreement in the manner prescribed by § 15, were "at large, subject to all of the restraints of the Sherman Act." 342 U.S. at page 578, 72 S.Ct. at page 496.

It has been held, moreover, that the effectuation of an agreement without board approval is illegal. Isbrandtsen Co. v. United States, 93 U.S. App.D.C. 293, 211 F.2d 51; River Plate and Brazil Conferences v. Pressed Steel Car Co., D.C.S.D.N.Y., 124 F.Supp. 88. But "[t]he question whether the agreement itself is violative of the Shipping Act must await the decision of the Board in the exercise of its primary jurisdiction." Isbrandtsen Co. v. United States, supra, 211 F.2d at page 57. Therefore, assuming the illegality of the procedure of effectuating an unfiled and unapproved agreement, it remains for the board to determine the substantive questions raised by the agreement under the Shipping Act, and the remedy of the complaining party for substantive violations remains under the Shipping Act. The language of the Supreme Court in the United States Navigation case precludes the consideration of the factual distinction urged by the plaintiff. The Court said, in discussing the provisions of § 15 for the filing of agreements, 284 U.S. at pages 486–487, 52 S.Ct. at page 251:

" * * * the Board is authorized to disapprove, cancel or modify any such agreement, 'whether or not previously approved by it,' * * *. In any event, it reasonably cannot be thought that Congress intended to strip the Board of its primary original jurisdiction to consider such an agreement and 'disapprove, cancel, or modify' it, because of a failure of the contracting parties to file it as section 15 requires. A contention to that effect is clearly out of harmony with the fundamental purposes of the act, and specifically with the provision of section 22 authorizing the Board to investigate *any* violation of the act upon complaint or upon its own motion and make such order as it deems proper. And whatever may be the form of the agreement, and whether it be lawful or unlawful upon its face, Congress undoubtedly intended that the Board should possess the authority primarily to hear and adjudge the matter. For the courts to take jurisdiction in advance of such hearing and determination would be to usurp that authority."

The failure to file an agreement, therefore, whatever other effect such failure may have, does not leave the offending parties "at large", subject to the antitrust laws. If there is any inconsistency apparent between this conclusion and the language of § 15 of the Shipping Act, as pointed out by Mr. Justice Douglas, the clear language of the Supreme Court authoritatively compels the decision.

There can be no dispute, under United States v. American Union Transport, 327 U.S. 437, 66 S.Ct. 644, 90 L.Ed. 772, that the board may exercise jurisdiction under the Shipping Act to include the regulation of freight forwarders and brokers. The board has by order (General Order 72, 46 C.F.R. 244.1–244.-14) provided for the registration and regulation of freight forwarders and brokers, and has undertaken to regulate the payment and collection of brokerage. Although the court is not asked for injunctive relief, it is not at all clear that judicial intervention in this field even to the extent of trying a case for damages would not interfere with the uniformity of treatment and the regulatory policy of the board based on specialized considerations within its exclusive competence. See United States Navigation Co. v. Cunard S. S. Co., supra, 284 U.S. at page 483, 52 S.Ct. at page 250, 76 L.Ed. 408, citing Keogh v. Chicago & N. W. Ry. Co., 260 U.S. 156, 163, 43 S.Ct. 47, 67 L.Ed. 183. It appears indeed, that the plaintiff has filed a complaint with the board against the present defendants

asking for reparations under § 22 of the act and for a cease and desist order. It is unreasonable to suggest that the plaintiff may not seek relief from the board under that section, which permits "any person" to file a complaint. Consequently, a case is presented within the exclusive primary jurisdiction of the Federal Maritime Board.

Accordingly, the motion to dismiss will be granted.