RIVOLI TRUCKING CORPORATION, Plaintiff,

v.

NEW YORK SHIPPING ASSOCIATION, New York Shipping Association, Inc., Alcoa Steamship Company, Inc., et al., Defendants.

United States District Court
S. D. New York.

Sept. 25, 1956.

Rehearing Denied June 15, 1957.

See also 167 F.Supp. 943.

Robert E. L. Welch, New York City, for plaintiff. J. Gerard Cregan, New York City, of counsel.

Lorenz, Finn & Giardino, New York City, for defendants New York Shipping Ass'n, New York Shipping Ass'n, Inc., Alcoa S. S. Co., Inc., and others.

Kirlin, Campbell & Keating, New York City, for defendants Bay Ridge Operating Co., Inc., and others. James H. Herbert, John J. McDonnell, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for defendant Luckenbach S. S. Co., Inc.

Herman Goldman, New York City, for defendants Atlantic Stevedoring Co., Inc., and others. Benjamin Wiener, Seymour H. Kligler, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff brings this action under the anti-trust laws to recover treble damages for injuries suffered due to an alleged conspiracy by defendants. Plaintiff is in the business of picking up freight at the terminals and delivering the freight to consignees. Defendants are common carriers in foreign and interstate commerce, terminal operators, and stevedores. Defendants and the Federal Maritime Board now move pursuant to Rule 12(b), F.R.C.P., to dismiss this action on the ground that this court lacks

jurisdiction over the subject matter, as primary jurisdiction over violations of the Shipping Act, 39 Stat. 728, 46 U.S. C. § 801 et seq., is vested in the Federal Maritime Board pursuant to the provisions of that Act.

Plaintiff raises two issues in resisting this motion for dismissal. First, that it is not subject to the Shipping Act. Second, that the cause of action is within the general jurisdiction of this court.

■ Plaintiff states that it is a "trucker", that the Shipping Act nowhere provides for "truckers", therefore plaintiff is not subject to the Shipping Act. Plaintiff need not be subject to the Shipping Act to have rights under it. Section 22 of the Shipping Act provides, in part:

> "*Any person* may file with the commission a sworn complaint setting forth any violation of this chapter by a common carrier by water, or other person subject to this chapter, and asking reparation for the injury, if any, caused thereby." (Emphasis added.)

■ Plaintiff's second issue is that its claim is within the general jurisdiction of the court. Plaintiff alleges that its trucks and loading equipment have unreasonably been refused admission to defendant's pier, that it has been subject to the penalty of demurrage charges, that it has been "locked out" from defendant's terminals, and that defendants have engaged in and are continuing to engage in unethical trade practices and wrongful conduct. Section 16 of the Shipping Act makes it unlawful for any common carrier by water, or other person subject to this Act, "to * * * give any undue or unreasonable preference or advantage to any particular person * * * or to subject any particular person * * * to any undue or unreasonable prejudice or disadvantage in any respect whatsoever". Section 17 of the Shipping Act provides "Every such carrier and every other person subject to this act shall establish, observe, and enforce just and reasonable regulations and practices relating to or connected with the receiving, handling, storing, or delivering of property." If the allegations of the complaint are true there would be a violation of the Shipping Act, over which the Federal Maritime Board has primary jurisdiction.

■ Primary proceedings charging a defendant, who is subject to the Shipping Act, with a violation of the Shipping Act must be brought before the Federal Maritime Board. United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408; Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576; United States v. Alaska S. S. Co., D.C. W.D.Wash., 110 F.Supp. 104; American Union Transport, Inc. v. River Plate & Brazil Conferences, D.C.S.D.N.Y., 126 F. Supp. 91, affirmed on opinion below, 2 Cir., 222 F.2d 369.

Plaintiff attempts to avoid the effect of this rule by asking for damages rather than an injunction but the rule is applicable with respect to claims for damages. American Union Transport, Inc. v. River Plate & Brazil Conferences, supra.

On Motion for Reargument

On September 25, 1956, I filed a memorandum indicating that the complaint should be dismissed on the ground that primary jurisdiction over the subject matter was vested in the Federal Maritime Board. Plaintiff now moves for reargument on the ground of newly discovered evidence.

The voluminous papers filed indicate that plaintiff has misconceived the basis for my original decision. It was based on the fact that, even if everything alleged in the complaint were true, this court would have no jurisdiction. Plaintiff has now, with great but misapplied industry, collected and submitted a large amount of evidence obviously intended to substantiate the original charges. The action failed not because the charges

were not substantiated but because, even if they were substantiated, the Federal Maritime Board was the only body with primary authority to consider them. Motion denied.