**RIVOLI TRUCKING CORPORATION, Plaintiff,**

v.

**NEW YORK SHIPPING ASSOCIATION et al., Defendants.**

United States District Court
S. D. New York.
Nov. 19, 1957.

M. Maurice Graham, West Hempstead, N. Y., for plaintiff.

Herman Goldman, New York City, for defendants Atlantic Stevedoring Co., Inc., Barber Steamship Lines, Inc. and Universal Terminal & Stevedoring Corp. Benjamin Wiener, Seymour H. Kligler, New York City, of counsel.

Lorenz, Finn & Giardino for defendants, New York Shipping Ass'n, New York Shipping Ass'n, Inc., Alcoa S. S. Co., Inc., and fifty-six other defendants. Alfred Giardino, Constantine P. Lambos, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for defendant Luckenbach S. S. Co., Inc., Burton H. White, Hervey C. Allen, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendants Farrell Lines, Inc., Bay Ridge Operating Co., Inc., Furness, Withy & Co., Limited, and United States Lines. James H. Herbert, John J. McDonnell, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

More than a year ago, to wit, on September 25, 1956, Judge Dimock filed an opinion in this case, 167 F.Supp. 940; holding that this court was without jurisdiction of this action because primary jurisdiction over the subject matter was vested in the Federal Maritime Board. An order and judgment pursuant to this decision was entered on October 8, 1956. No appeal was taken. On April 8, 1957, plaintiff moved for leave to reargue on the ground of newly discovered evidence. On June 15, 1957, Judge Dimock filed his memorandum denying the motion. 167 F.Supp. 942. By the instant motion the plaintiff seeks, among other things, leave to file an amended and supplemental complaint.[1]

1. Plaintiff also seeks the following relief:

"2. For an order of this Court vacating the appearance of the Federal Maritime Board in this action, as a defendant, on the ground that the sovereign cannot be sued in this action and consequently cannot become a defendant in this action.

"3. For an order of this Court, enjoining the defendants and each and every one of them from instituting, or proceeding with their actions at law in the Municipal Court of the City of New York, or other State Courts, against the plaintiff herein, concerning the subject matter of this controversy only until such time as there is a determination of the subject matter of this controversy.

"And in the alternative and only after, if and when, the appearance of the Federal Maritime Board as a defendant is ordered expunged from the record of this cause of action, by this Court:

"4. That an order issue from this Honorable Court directing the Defendants to answer the complaint in this action and to justify their acts and conduct under all causes of admiralty and maritime jurisdiction, all cases arising out of and under any law providing for internal revenue, to the United States, all causes arising out of and by reason of the Labor Management Act of 1947 [29 U.S.C.A. § 141 et seq.], the Constitution of the United States and the law common to all persons and the laws of the State of New York, made and provided."

While amendments are liberally granted in the federal court, I can find no basis for permitting an amended and supplemental pleading in an action which has been dismissed more than a year ago by a judgment entered in this court, without the right of appeal ever having been exercised. United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453; Brill v. General Industries Enterprises, Inc., 3 Cir., 1956, 234 F.2d 465; Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, certiorari denied, 1951, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614. This litigation has been terminated by the dismissal of the plaintiff's action and there is nothing pending in this district so as to permit plaintiff to restate or update its complaint. While there is no application for the exercise of my discretion pursuant to Fed.R.Civ.P. 60(b) subdivisions (1), (2) or (3), 28 U.S.C.A., for an order setting aside the judgment entered on October 8, 1956, it is clear upon a reading of these sections that any application thereunder must be made within one year from the date of the entry of the judgment. Consequently, the motion, even if construed as a motion pursuant to Rule 60(b), would be untimely.[2]

Further examination of the background of this action reveals the following: After service of the original complaint on or about June 22, 1956, defendants moved to dismiss the complaint on the ground that the allegations contained in the complaint involved possible violations of the Shipping Act of 1916, 46 U.S.C.A. § 801 et seq., and that under such Act exclusive primary jurisdiction was vested in the Federal Maritime Board.

On September 25, 1956, Judge Dimock held that if the allegations of the complaint were true, there would be a violation of the Shipping Act for which the Federal Maritime Board had primary jurisdiction and accordingly dismissed this action. The order and judgment of dismissal were entered on October 8, 1956.

About the middle of October, 1956, plaintiff filed a complaint with the Federal Maritime Board alleging substantially the same facts as were contained in the complaint originally filed in this court. The defendants thereafter filed a demand for a bill of particulars in the proceeding before the Federal Maritime Board and to date no bill of particulars has been filed and the action has remained in status quo. In February 1957 plaintiff filed an additional complaint with the Federal Maritime Board which supplements the original complaint filed with the Board. Neither proceeding has moved toward adjudication since their filing.

In April 1957 plaintiff moved in this court for a re-argument of Judge Dimock's September 25, 1956 decision on the ground of newly discovered evidence. On June 15, 1957, Judge Dimock denied the motion holding that the alleged newly discovered evidence as well as the subject matter of the complaint were within the primary jurisdiction of the Federal Maritime Board and this court had no jurisdiction.[3]

An examination of the basic charges contained in the affidavit shows that while they are presented under a different semantic guise, and perhaps a bit more elaborate than those contained in the original complaint, plaintiff,

2. As has already been pointed out, there is no prayer in the moving papers that the court consider this as a motion under Rule 60(b) to set aside the judgment. The remaining subdivisions of Rule 60(b) require that the application for relief under those subdivisions be made within a reasonable period, which plaintiff has failed to do.

3. The moving party has not attached a copy of its proposed amended and supplemental complaint. Counsel for plaintiff has set forth in very broad and general terms in his affidavit attached to the papers, charges of one kind or another and I shall assume that plaintiff's proposed amended and supplemental complaint would incorporate these allegations.

nevertheless, seeks the same relief from the defendants, i. e. treble damages in an action under the anti-trust laws. The only matters which may be said to be new are plaintiff's reference to Title 46 U.S.C.A. § 828 and to the Labor Management Relations Act of 1947. However, recourse may be had to § 828 only for enforcement of an order of the Federal Maritime Board by injunction or otherwise. See Swayne & Hoyt, Ltd. v. Kerr Gifford & Co., D.C.E.D.La.1935, 14 F. Supp. 805. Nowhere is there any indication that an order has been made or violated and indeed, I am advised that no such order has been issued by the Board, since the matter is still pending before it. The reference to the Labor Management Relations Act in the affidavit is very vague and of a nebulous character. However, while the National Labor Relations Board has jurisdiction of unfair labor practices, I cannot conceive of any separate action which plaintiff could commence against these defendants based on the Labor Management Relations Act over which this court would have jurisdiction. In any event, the crux of plaintiff's complaint concerned itself with violations of the Shipping Act, over which the Federal Maritime Board had exclusive jurisdiction. The basis for any recovery plaintiff seeks would still be one rooted in the anti-trust laws seeking a recovery of treble damages and grounded on the same cause of action or claim originally asserted by it in its complaint filed in June of 1956 which Judge Dimock dismissed by the order and judgment filed on June 8, 1957.

In view of my disposition of plaintiff's application for leave to serve an amended and supplemental complaint, the other grounds for relief become moot.[4]

In short, the plaintiff offers no valid explanation or excuse for its delay of more than one year to make this application nor for its failure to take an appeal from Judge Dimock's dismissal; nor does plaintiff cite a single case or authority which would support this court in vacating a judgment which has been left undisturbed for more than one year.

Authors, teachers and judges have been critical of the delay in litigation. To grant an application such as the instant one upon a sterile showing would be to furnish valuable ammunition to the critics of litigation delays. There must be finality to litigation. A judge of this court has held in a decision which has been undisturbed and which has resulted in a final judgment that the Maritime Board has been vested by Congress with absolute supervision over the subject matter of this litigation. Plaintiff has proceeded before that Board and has a remedy there if its charges are valid. Therefore, let us not ignore the final judgment of this court and attempt to revive by a strategic maneuver litigation which has been dead for more than a year.

This motion is in all respects denied. So ordered.

4. In any event I do believe that the Federal Maritime Board had a right to intervene to protect its own jurisdiction which intervention was granted by order of this court on July 17, 1956 and I would consider it presumptuous on my part to set aside an order of another judge granted in this action. Plaintiff misconceives its right to the injunction prayed for in the moving papers. Plaintiff must first seek its relief before the Shipping Board and upon a violation of an order of the Board may seek relief from this court. See Swayne & Hoyt, Ltd. v. Kerr Gifford & Co., supra. Lastly, it is difficult to understand the basis for plaintiff's prayer for alternative relief. If an order is sought for a direction to defendants to answer the original complaint, the judgment entered upon the dismissal of that complaint is final, and this application to reopen that case, I have already held, is untimely. If the reference is to the amended and supplemental complaint which plaintiff asks it be permitted to serve in this case, the defendants' obligation would arise only upon an order permitting the service, which I have also disposed of by denying permission.