**RIVOLI TRUCKING CORPORATION,**
Plaintiff,

v.

**AMERICAN EXPORT LINES, Inc., et al.,**
Defendants.

Civ. No. 18635.

United States District Court
E. D. New York.

Oct. 21, 1958.

938

M. Maurice Graham, Brooklyn, N. Y., for plaintiff, Eugene Cobert, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendants, Bayridge Operating Co. Inc., Farrell Lines, Inc., and United States Lines. James H. Herbert, New York City, of counsel.

Herman Goldman, New York City, for defendants, American Export Lines, Inc., American President Lines, Ltd. and others, Seymour Kligler, New York City, of counsel.

ZAVATT, District Judge.

Thirty-four of the thirty-six defendants in this action have moved to dismiss the complaint on the following grounds:

1. That the action does not arise under the Constitution, laws or treaties of the United States;

2. That the Court lacks jurisdiction over the subject matter;

3. That the complaint fails to state a claim against thirty-one of the defendants who are represented by attorney, Herman Goldman;

4. That the action is barred by a prior determination of the United States District Court for the Southern District of New York.

As to the two named defendants who have not joined in these motions, one of them, States Terminal Corporation, has not been served with a copy of the Summons and Complaint, and as to the other, Panama Line, the complaint has been dismissed by consent of the plaintiff and that defendant.

The complaint alleges that "This cause of action arises under and by virtue of a particular Act of Congress, to wit: Public Law 252; 83rd Congress: First Session, Chapter 407; August 12, 1953; s. 2383; United States Statutes at Large, Vol. 67." Nevertheless the complaint alleges in substance that the defendants have violated the letter and spirit of the United States Shipping Act, 46 U.S.C.A. § 801 et seq.; the letter and spirit of 18 U.S.C.A. § 1951; that the defendants have violated sections 580, 850 and 1433

of the Penal Law of the State of New York, McKinney's Consol.Laws, c. 40, Article 22, § 340 et seq. of the General Business Law of the State of New York, McKinney's Consol.Laws, c. 20, and have violated the rules and regulations of the Federal Maritime Board, including Maritime Board's Agreement 8005. The complaint also alleges that, if the United States Shipping Act is construed as exempting the defendants from liability for the alleged acts set forth in the complaint, the United States Shipping Act is in conflict with art. III, Sec. 2 of the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States and art. I, Sec. 6 of the Constitution of the State of New York; there is also a vague reference in the complaint to the National Labor Relations Board which would suggest that the plaintiff may be attempting to assert a claim under the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq.

This scrambling together of various federal and state statutes is reflected further in the prayer for relief wherein the plaintiff seeks a judgment for damages in a sum of $991,763.22 plus what the plaintiff refers to as "punitive or treble damages or special damages, according to the Law of the State of New York * *." The complaint would be most bewildering were it not for the allegations contained in paragraphs "First" and "Twenty-Seventh" of the complaint, as follows:

"First: This cause of action arises under and by virtue of a particular Act of Congress, to wit; Public Law 252; 83rd Congress; First Session, Chapter 407; August 12, 1953; s. 2383; United States Statutes at Large, Vol. 67.

"Twenty-Seventh: Plaintiff elects to maintain this cause of action under and by virtue of the provisions of Public Law 252; 83rd Congress, First Session, Chapter 407, August 12, 1953; S. 2383; United States Statutes at Large, Vol. 67."

■ In view of these specific allegations of the complaint the Court need determine only one question, to wit: whether the complaint states a claim under this Act of Congress that is within the jurisdiction of and cognizable by this Court. Art. I, Sec. 10 of the Constitution of the United States provides in part as follows:

"Section 10 * * *.

"No State shall, without the Consent of the Congress, * * * enter into any Agreement or Compact with another State, * * *."

In 1953 the States of New York and New Jersey decided to enter into a compact to be known as the New York-New Jersey Waterfront Commission Compact and to create the Waterfront Commission of New York Harbor to carry out the provisions of such a Compact. This compact was enacted into law by the State of New York by Laws 1953, Chapter 882, effective June 30, 1953 (McKinney's Unconsol. Laws §§ 6700–aa—6700–zz) and was enacted into law by the State of New Jersey as New Jersey Statutes at Large 32:23–7. Thereafter the Congress of the United States granted its consent to this Compact by the Act of August 12 1953 cited above.

The plaintiff has grounded its complaint on this Act of Congress in the mistaken belief that this is a law of the United States within the meaning of 28 U.S.C.A. § 1331. Neither the said Compact between the States of New York and New Jersey nor the Act of Congress consenting thereto are laws or treaties of the United States within the meaning of 28 U.S.C.A. § 1331. Hinderlider v. La Plata River & Cherry Creek Ditch Co., 1938, 304 U.S. 92, 58 S.Ct. 803, 810, 82 L.Ed. 1202; Delaware River Joint Toll Bridge Commission v. Stults, D.C.D.N.J.1956, 146 F.Supp. 241; Delaware River Joint Toll Bridge Commission v. Miller, D.C. E.D.Pa.1956, 147 F.Supp. 270.

■■ The complaint alleges that the plaintiff is engaged in the business of picking up and delivering freight and cargo from and to the piers and other waterfront terminals of the defendants pursuant to contracts of carriage with its customers; that, pursuant to the

Compact, the defendants are "permitted to load and/or unload, for a fee, trucks or other land vehicles at the piers and other waterfront terminals in the Port of New York District; * * *"; that pursuant to the Compact the plaintiff "is permitted and allowed to load and/or unload trucks, with labor, employees and tools of its trade, its mechanical equipment; but only in connection with the freight to be transported by the plaintiff to and from the piers and other waterfront terminals of the defendants, and each and every one of them, pursuant to valid and genuinely existing instructions or contracts of carriage which plaintiff obtained from its principals or customers, all in the Port of New York District, as aforesaid"; that from July 5, 1956 to the present the defendants have refused to accept freight from the plaintiff unless and until the plaintiff paid to the defendants a mandatory fee and have refused to permit the plaintiff to load its trucks at the piers and other waterfront terminals of the defendants with goods and freight consigned to the plaintiff's customers, until the plaintiff. paid a loading fee to the defendants. Even if the Court were not to hold the plaintiff to its specific election to sue under this Act of Congress the acts alleged in the complaint, if accepted as true for the purposes of this motion, constitute violations of the United States Shipping Act, 46 U.S.C.A. § 801 et seq. and the claim of the plaintiff based upon such acts is within the primary and exclusive jurisdiction of the Federal Maritime Board. United States Navigation Co. v. Cunard Steamship Company, 1932, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408; Far East Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576; American Union Transport v. River Plate & Brazil Conference, D.C.S.D.N.Y. 1951, 126 F.Supp. 91, affirmed 2 Cir., 1955, 222 F.2d 369; Rivoli Trucking Corporation v. New York Shipping Association, D.C.S.D.N.Y., 167 F.Supp. 940; Rivoli Trucking Corporation v. New York Shipping Association, D.C.S.D.N.Y. 1957, 167 F.Supp. 943.

It is to be noted that under date of October 15, 1956 the plaintiff filed a complaint with the Federal Maritime Board based, substantially, upon the same alleged illegal acts as are set forth in the complaint in the instant case except as to the dates when the acts are alleged to have been committed. Thereafter and on February 26, 1957 the plaintiff filed with said Board a supplementary complaint. These proceedings are still pending before the Board.

The motions to dismiss the complaint are hereby granted upon the ground that the alleged cause of action does not arise under the Constitution, laws or treaties of the United States, and upon the ground that the Court lacks jurisdiction over the subject matter thereof. Settle Order.