Walter R. Hart, J.
Three of the defendants herein move to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the court does not have jurisdiction of the action. The remaining 32 defendants, in addition to moving for this relief under the rule, also seek dismissal on the ground of res judicata.
The plaintiff is a trucking corporation and the defendants operate and maintain piers on the waterfront of the City of New York. The complaint alleges eight causes of action which are claimed to have accrued during the period July 5, 1956 to April 1, 1958. In summary they are as follows, viz.:
First: The defendants did convert for their own use and benefit the trucks, gear, labor and contracts of the plaintiff *570 against plaintiff’s specific wish, without plaintiff’s permission or consent and by force and violence and threat of force and violence and without compensating plaintiff for the use made by the defendants of said trucks, gear, labor and contracts.
■Second: Defendants interfered with plaintiff’s transportation of goods by preventing plaintiff from loading or unloading goods at the piers.
Third: Defendants miscounted the quantity and quality of the goods delivered or picked up by plaintiff, refused to permit plaintiff’s employees to make a proper count and forced them under threat of violence to sign false tallies.
Fourth: Defendants acting in concert prohibited plaintiff from loading or unloading its trucks at the piers and refused to interchange freight loads until plaintiff agreed to pay discriminating gratuities and charges.
Fifth: That the defendants entered into written agreements to prohibit persons other than themselves to load or unload at the piers as a result of which plaintiff was prevented from loading or unloading its trucks at the piers.
Sixth: That plaintiff was discriminated against by defendants in that they offered and performed services for cheaper prices and on more favorable terms and working conditions to plaintiff’s competitors.
Seventh: That defendants engaged in certain acts for the purpose of causing plaintiff to violate its contractual obligations with its principals, as a result of which plaintiff was forced out of business.
Eighth: After incorporating by reference many allegations of the previous causes of action, it is alleged that defendants “ did unlawfully, wilfully and maliciously destroy and carry away property belonging to the plaintiff without the consent of the plaintiff and did wilfully and maliciously destroy the trucks, machinery and tools of plaintiff’s trade so that the plaintiff was unable to carry on its lawful trade and business.”
From the moving affidavits it appears that the tariffs, rules and practices of the defendants (with the exception of the Belgian Line which it is asserted maintains no pier) were established by agreements and schedules filed with the Federal Maritime Board for approval pursuant to section 15 of the Shipping Act of 1916 (U. S. Code, tit. 46, § 814) and that orders approving the agreements were entered by that board.
The affidavits further disclose that plaintiff heretofore has endeavored unsuccessfully to sustain the first seven causes of action at different times in the Federal courts. Substantially similar complaints seeking the same relief (i.e., money damages) *571 were dismissed in the United States District Courts of both the Southern and Eastern Districts on the ground that the matters therein contained related to tariffs and practices of pier operators, exclusive jurisdiction of which pursuant to the Shipping Act has been pre-empted by Congress and has been conferred by the statute on the Federal Maritime Board (167 F. Supp. 940, reargument denied 167 F. Supp. 942, 167 F. Supp. 937). Applications in both the Southern and Eastern Districts for leave to serve supplemental and amended complaints were denied — in the Southern District by Judge Kattfmawft (167 F. Supp. 943), and in the Eastern District without opinion. It appears that the last-proposed complaint, containing only seven causes of action, is almost identical with the one before this court. The eighth cause of action in the present complaint, now appearing for the first time as a separate cause of action, was embodied in paragraph 24th of the original complaint filed in the Eastern District. The affidavits also disclose that plaintiff has instituted two proceedings before the Federal Maritime Board wherein it complains of substantially the same alleged wrongs and seeks the same relief as is sought here, and that plaintiff has failed to prosecute these claims even though the board has jurisdiction to afford plaintiff all of the relief which it seeks including damages (Shipping Act, § 22; U. S. Code, tit. 46, § 821). None of the material allegations of the affidavits are disputed by plaintiff.
As heretofore noted, one group of defendants moved to dismiss on the ground of res judicata, contending that the Federal court judgments are conclusive on the merits. It is the conclusion of this court that the dismissal of the complaint in the Federal courts was not dispositive of the merits. They were merely determinative of the issue that those courts had no authority of the subject of the action. Those determinations and the reasons assigned therefor cannot bind this court in determining whether it has jurisdiction to consider the merits of the action (3 Freeman, Law of Judgments, § 1473). Accordingly, that branch of the motion which seeks dismissal of the complaint on the ground of res judicata is denied.
As to that aspect of the motions seeking a dismissal of the complaint on the ground that this court lacks jurisdiction of the subject of the action, the same are granted as to causes of action “ Second ” through “ Seventh ” inclusive, for the same reasons assigned by the United States District Courts. Each of the acts of the defendants alleged in these causes of action relates to tariffs, agreements with respect thereto, and practices and regulations of corporations covered by the statute. Section *572 15 of the Shipping Act of 1916 requires that every common carrier by water or “ other person subject to this chapter ” shall file with the Federal Maritime Board copies of agreements with other carriers or other persons subject to the act which regulates and prevents or destroys competition, pooling of traffic, limiting volume of traffic or in any manner providing for preferential working arrangements. The board is empowered to disapprove, cancel or modify the agreements (§15). “ [Other person ” in regard to this section include pier operators (§ 1). Section 17 (U. S. Code, tit. 46, § 816) prohibits rates which are unjustly discriminatory or prejudicial and empowers the board to correct such unjust discrimination. The statute also provides: “ Every such carrier and every other person subject to this chapter shall establish, observe, and enforce just and reasonable regulations and practices relating to or connected with the receiving, handling, storing, or delivering of property. Whenever the Board finds that any such regulation or practice is unjust or unreasonable it may determine, prescribe, and order enforced a just and reasonable regulation or practice.” (Emphasis supplied.)
Section 22 of the act permits “ [a]ny person ” (this has been held to include the plaintiff) to file a sworn complaint setting forth any violation of the statute and to ask for reparations for the injuries. Since the parties to the action fall within the purview of the Shipping Act and the wrongs alleged in the causes of action “ Second” through “ Seventh ” inclusive are matters regulated by that statute and are practices within the meaning of the statute, they fall within the exclusive primary jurisdiction of the Federal Maritime Board (United States Nav. Co. v. Cunard S. S. Co., 284 U. S. 474).
As heretofore noted, the first cause of action charges defendants “ did convert to their own use and benefit the trucks, gear, labor and contracts ” and the eighth cause of action charges that they “ did unlawfully, wilfully and maliciously destroy and carry away property belonging to plaintiff * * * and did * * # maliciously destroy the trucks, machinery and tools of plaintiff’s trade ”. These causes of action though insufficiently alleged and lacking clarity, charge defendants with violations of common-law rights of the plaintiff. The instant motions are not addressed to the sufficiency of the complaint nor are they corrective in nature. The prime issue before this court is that of jurisdiction of the subject of the action. Defendants to sustain their position with respect to all of the causes of action rely on language culled from the opinion of the court in United States Nav. Co. v. Cunard S. S. Co. (284 U. S. *573 474, 485) contending that these alleged wrongs relate to “ practices ” which are so interrelated with the charges of violations of the Shipping Act as to be component parts thereof. The facts in the cited case do not disclose either conversion or destruction of the plaintiff’s chattels as here claimed (though in vague and general terms) in the complaint and opposing affidavits. While, in fact, these claims may possibly be component parts of and be interwoven with the alleged violations of the Shipping Act, this cannot be determined upon the instant motion but must be developed either by clarification of the complaint or upon the trial. Accordingly, the motion is denied as to the first and eighth causes of action with leave to defendants to plead as a defense facts with respect to their contentions (Rules Civ. Prac., rule 108). The motion is granted as to causes “ Second ” through “ Seventh,” inclusive.
As heretofore indicated, the first and eighth causes of action are insufficiently pleaded and are vague, indefinite and uncertain. While defendants have not specifically moved to dismiss for insufficiency or compel clarification or to correct these causes of action, nevertheless, under the omnibus clause of the prayer for other and further relief, the court feels warranted in dismissing the causes of action for insufficiency with leave to serve an amended complaint with respect thereto within 20 days. Authority for granting this relief under the circumstances may be found in Oarmody-Wait, New York Practice (Vol. 1, p. 672) wherein it is stated: “ Under a prayer for general relief, however, such as one asking for such other and further relief as may be just, if the motion is opposed, relief allied to the specific relief asked for may be given, to such an extent as the facts presented on the motion warrant. The granting of relief other than that specifically asked for in such case lies in the discretion of the court.”
Settle orders on notice.