**RIVOLI TRUCKING CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

United States District Court
S. D. New York.

Sept. 5, 1963.

M. Maurice Graham, Hempstead, N. Y., for corporation and for himself.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for defendant; Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, of counsel.

FEINBERG, District Judge.

Plaintiff Rivoli Trucking Corporation ("Rivoli") has brought an action against the United States alleging, in substance, that the Government owes it $877,500.63 for "work, labor and services performed * * * between January 1, 1954 and April 8, 1958." Defendant moves for summary judgment alleging, among other things, that this Court has no jurisdiction. M. Maurice Graham ("Graham"), plaintiff's attorney in this action and its vice-president during the time period referred to above, has also moved to intervene as a plaintiff in this action.

Rivoli's action is the latest in a series of law suits and legal maneuvers apparently growing out of the same events. The complaints in all the prior actions were dismissed and plaintiff's attempts to amend its complaints were denied. See Rivoli Trucking Corp. v. New York Shipping Ass'n, 167 F.Supp. 940 (S.D. N.Y.1956), and 167 F.Supp. 943 (S.D. N.Y.1957); Rivoli Trucking Corp. v.

District Director, 162 F.Supp. 53 (E.D. N.Y.1958); Rivoli Trucking Corp. v. American Export Lines, Inc., 167 F. Supp. 937 (E.D.N.Y.1958). See also Rivoli Trucking Corp. v. United States, 62 Civ. 2484, unpublished opinions of McGohey, J., Levet, J., and Bryan, J., dated October 4, 1962, February 8, 1963, and May 28, 1963, respectively.

Rivoli's latest complaint alleges various jurisdictional bases, including 67 Stat. 541 (1953); Article I, § 8, Article III, § 2 of the United States Constitution, and the Fourth, Fifth, Thirteenth, and Fourteenth Amendments thereto; 28 U.S.C. §§ 1331 and 1337; and that defendant has consented to be sued, and that "such consent is announced at 28 U.S.C. § 1346 2(b)."

■ Plaintiff's action is clearly one based upon contract, express or implied. Since it has a claim against the United States, none of the jurisdictional bases cited will suffice unless they grant jurisdiction to this Court to hear a claim of this sort against the United States. The only statute remotely in point cited by plaintiff is 28 U.S.C. § 1346 2(b). This may be a reference to 28 U.S.C. § 1346 (b), popularly known as the Federal Tort Claims Act. However, this Act does not confer jurisdiction here because plaintiff's claim is not a tort claim. Even if it were, it would be barred because for claims of this sort there is a two year statute of limitations (28 U.S.C. § 2401 (b)), which has run.

■ It is more probable that plaintiff's complaint seeks to invoke 28 U.S.C. § 1346 (a) (2), more popularly known as the Tucker Act. The pertinent portion of that Act provides that the District Courts shall have original jurisdiction of a civil action or claim against the United States

"*not exceeding $10,000 in amount,* founded either upon the Constitu-

tion, or any Act of Congress, or any regulation of an executive department, *or upon any express or implied contract with the United States,* or for liquidated or unliquidated damages in cases not sounding in tort." (Emphasis added.)

■ Plaintiff's claim clearly falls within the category of "express or implied contract with the United States," but it just as clearly seeks recovery of a sum well over $10,000. Therefore, this Court does not have jurisdiction to entertain the claim. The statutory framework for contract claims against the Government allows claims of over $10,000 to be asserted only in the Court of Claims. Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2 Cir.), cert. denied, 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed. 2d 188 (1960). It is possible that plaintiff may wish to waive the portion of its claim in excess of $10,000. See United States v. Johnson, 153 F.2d 846, 848 (9 Cir., 1946); Jones v. United States, 127 F.Supp. 31, 33 (E.D.N.C.1954). Should it fail to do so, this Court, rather than dismiss the complaint, will order the case transferred to the Court of Claims, such transfer being "in the interest of justice." 28 U.S.C. § 1406(c).

In view of the above, it is unnecessary to deal with the other alleged bases upon which defendant urged dismissal of the complaint, or to rule on Graham's application to intervene.

The case shall be transferred to the Court of Claims unless within ten days from the date hereof plaintiff files an amended complaint reducing the damages claimed to no more than $10,000. In that event, defendant may renew in this Court the motion for summary judgment on the bases other than lack of jurisdiction set forth in its papers.

So ordered.