**MADDOCK & MILLER, INC., Plaintiff,**

v.

**MAYER CHINA COMPANY, Fine China Associates, Inc., Bart Miller (formerly known as Herbert W. Mueller), William P. C. Adams, Schmid Bros. Inc., Paul A. Schmid, Shenango China Company and United States Lines, Defendants.**

United States District Court
S. D. New York.
April 26, 1965.

Friedlander & Gaines, New York City, for plaintiff. W. Harvey Mayer, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Mayer China Co. C. Richard Stafford, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants Fine China Associates, Inc., Bart Miller and Schmid Bros., Inc. Lawrence M. McKenna, Walter J. Josiah, Jr., New York City, of counsel.

Goldstein, Judd & Gurfein, New York City, for defendant Littlefield Inc., named as Shenango China Co. Edward Brodsky, Charles H. Kellert, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant United States Lines. Louis J. Gusmano, James R. Campbell, New York City, of counsel.

LEVET, District Judge.

The defendant United States Lines and other defendants have moved this court for an order to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure upon the ground that it appears on the face of the complaint that this court lacks jurisdiction of the subject matter.

This action allegedly is brought pursuant to Sections 1, 13, 15 and 26 of Title 15 U.S.C., commonly known as the Sherman and Clayton Acts.

### THE COMPLAINT

### THE FIRST CAUSE OF ACTION

The first cause of action is aimed at all defendants, including United States Lines. The gist of the first cause of action is as follows:

Plaintiff sells chinaware. Prior to June 1963, plaintiff supplied chinaware, manufactured by defendant Mayer China Company ("Mayer"), to the United States Lines and others pursuant to some exclusive right under a contract with Mayer.

In March 1961, defendants Fine China Associates, Inc. ("F.C.A.") and William P. C. Adams ("Adams") sought to obtain the business then being done by plaintiff, Maddock & Miller, Inc., with United States Lines while said defendants sought to sell to United States Lines chinaware produced by defendant Shenango China Company ("Shenango") which did not produce chinaware which met the standards of the United States Lines.

Thereupon defendants F.C.A., Adams, Schmid Bros. Inc., Paul A. Schmid and Shenango, it is claimed, threatened United States Lines that if it did not purchase its chinaware through F.C.A. the abovementioned defendants would take their shipping business elsewhere and induce their affiliates to do likewise.

Under this compulsion United States Lines gave in and agreed to purchase its chinaware through F.C.A. which engaged one Bart Miller, who had formerly been employed by plaintiff and had become familiar (it is alleged) with a list of plaintiff's customers, etc. and divulged this information to F.C.A.

Then, it is further alleged that in May 1963, defendants F.C.A. and Adams advised Mayer that they had obtained an agreement to sell chinaware to the United States Lines and that they were planning to seize the remaining "hotel" business of plaintiff and that they wanted to sell Mayer's products to customers of plaintiff instead of plaintiff but at a lower price than paid by plaintiff for the same products.

Thereupon, defendant Mayer agreed, it is asserted, to sell F.C.A. the same products it had sold to plaintiff at a lower price than it was selling to plaintiff, thus

discriminating against plaintiff in violation of Section 13 of Title 15 U.S.C.

The claim is then made that these acts violate Section 1 of Title 15 U.S.C. and that all defendants *except* United States Lines have repeated or threatened to repeat the aforementioned acts, and plaintiff has been damaged in the amount of $2,500,000.

In the prayer for relief, apparently based on the first cause of action, plaintiff seeks certain injunctive relief against defendants (other than United States Lines) in parts (a), (b) and (d); and in (c) of the prayer it asks injunctive relief against defendants' conspiring, combining or acting in concert to deprive plaintiff of its business.

## SECOND CAUSE OF ACTION

The second cause of action is directed against all defendants other than United States Lines. The thrust of this cause of action as alleged is as follows:

Plaintiff had an agreement with Mayer whereby plaintiff had the right to sell products of Mayer. Mayer and the other defendants conspired to sell the same items to F.C.A. at a lower price with knowledge that these items would be resold to customers developed and serviced by plaintiff. These defendants hired Miller and one Shepherd, former employees of plaintiff, who divulged confidential information to F.C.A. and thus competed unfairly with plaintiff, thus damaging plaintiff to the extent of $2,500,000.

## THIRD CAUSE OF ACTION

The third cause of action names only the United States Lines. This cause of action realleges paragraphs Eighth and Ninth of the complaint and claims that because of United States Lines' unlawful "acceptance" of rebates, the plaintiff was precluded from continuing its business relationship (with United States Lines) and by reason thereof asks damages in the amount of $500,000.

1. "The term 'person' includes corporations, partnerships, and asssociations, existing under or authorized by the laws of the United States, or any State, Terri-

## DISCUSSION

### I.

### THE THIRD CAUSE OF ACTION

The United States Lines is sued in the third cause of action solely by reason of rebates, etc. It is the sole defendant in that cause of action.

Title 46 U.S.C. § 812 in substance prohibits rebates and discriminations by carrier by water. Section 813 of the same Title grants the Federal Maritime Commission power to determine whether there have been any violations of Section 812. Section 821 of Title 46 U.S.C. provides that any *person* [1] may file with the Federal Maritime Board a sworn complaint setting forth any violation of this chapter by a common carrier by water, etc. and asking reparation for the injury, if any, caused thereby.

The contention of the defendant United States Lines is that the enforcement of plaintiff's claim requires the determination of issues which Congress by a regulatory scheme has placed in the special control of the Federal Maritime Commission.

The doctrine of exclusive primary jurisdiction has been recognized by the United States Supreme Court. In United States v. Western Pac. R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), Mr. Justice Harlan in his opinion stated:

"The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. 'Exhaustion' applies where a claim is cognizable in the first instance by administrative agency alone; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on

tory, District, or possession thereof, or of any foreign country." Title 46 U.S.C. § 801; see also § 888.

the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 433 [60 S.Ct. 325, 331, 84 L.Ed. 361]." 352 U.S. 63–64, 77 S.Ct. 165.

Mr. Justice Harlan further stated (p. 64, 77 S.Ct. p. 165):

"No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation. * * * "

The principle of exclusive primary jurisdiction has been recognized and applied to suits brought in the courts seeking redress for alleged violations of the Shipping Act. See Carnation Company v. Pacific Westbound Conference, 336 F.2d 650 (9th Cir. 1964), in which a claim of this type was involved. A district court had dismissed the action and plaintiffs appealed. Pope, Circuit Judge, stated:

"In dismissing the action, the court below relied upon the decisions in the cases of United States Nav. Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408, and Far East Conf. v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. It seems plain to us that both of these decisions support and require the action of the court below." 336 F.2d 653.

■ The fact that the action might involve proceedings not to procure an injunction but to recover damages does not affect this principle. See American

Union Transport Inc. v. River Plate & Brazil Conferences, 222 F.2d 369 (2nd Cir. 1955), affirming American Union Transport Inc. v. River Plate & Brazil Conferences, 126 F.Supp. 91 (S.D.N.Y. 1954); also see Rivoli Trucking Corp. v. New York Shipping Association, 167 F.Supp. 943 (S.D.N.Y.1957); Carnation Co. v. Pacific Westbound Conference, supra, 336 F.2d at 655.

■ I am, therefore, forced to conclude that the doctrine of exclusive primary jurisdiction requires the dismissal of the third cause of action in the complaint against its sole target, United States Lines.

## II.

## THE FIRST CAUSE OF ACTION

In the first cause of action the charge of rebates is intertwined with alleged machinations of certain defendants who are in effect charged with threatening United States Lines with loss of business if it did not purchase its chinaware through F.C.A. which was demanding the special privileges from United States Lines. Thus in this cause of action the thread of the controversy is rebates.

The disposition of the first cause of action as far as the United States Lines is concerned depends on the effect, if any, of plaintiff's joining a cause of action under the Sherman Act with one triggered by a violation of rebates under Title 46 U.S.C. § 812.

■ The same doctrine of exclusive primary jurisdiction applies even where the alleged violations of the Shipping Act are joined in a complaint alleging violations of the anti-trust laws. See United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247 (1932); Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492 (1952).

In United States Navigation Co., supra, a similar combination of claims was made. In this case, Mr. Justice Sutherland stated in part, in speaking of the decision in Keogh v. Chicago & N. W. Ry. Co., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183, "In the case last cited, it was

pointed out (page 163 [of 260 U.S., 43 S.Ct. 47, 50]) that if a shipper were permitted to recover under the Anti-Trust Act, the amount recovered might, like a rebate, operate to give him a preference over his trade competitors." (284 U.S. p. 483, 52 S.Ct. p. 250) The basic violations of the Shipping Act are so interrelated with the other charges "as to be, in effect, a component part of them; and the remedy is that afforded by the Shipping Act, which to that extent supersedes the anti-trust laws." (p. 485, 52 S.Ct. p. 251)

Accordingly, the motion by United States Lines to dismiss the first cause of action against it is granted.

### III.

MOTIONS OF OTHER DEFENDANTS: (a) MAYER CHINA COMPANY; (b) FINE CHINA ASSOCIATES; BART MILLER; SCHMID BROS. INC.; (c) LITTLEFIELD, INC. (NAMED AS SHENANGO CHINA CO.)

The motions of the above defendants are addressed to the first and second causes of action. Since there is no essential difference in the basis upon which these defendants move, the motions will be treated together.

### THE FIRST CAUSE OF ACTION

The gist of this cause of action has heretofore been stated. The core of this alleged conspiracy is the allegation in reference to the violation of the Shipping Act in spite of the fact that the formal fittings assert Sherman Anti-Trust violations. These anti-trust violations claimed depend almost entirely upon the lawfulness of the United States Lines' conduct in changing suppliers. As hereinabove indicated, this question must be decided by the Maritime Commission.

█ Since I have already decided to dismiss the first cause of action as against the United States Lines, decision of this cause as against the other defendants before the determination of the related question by the Maritime Commission would be out of order. In short, if plaintiff's conclusion, that there has been a violation of the Shipping Act, is wrong, there is probably nothing left of plaintiff's first cause of action of anti-trust charges against defendants therein named.

Dismissal or stay of the first cause of action against these named defendants is, therefore, permissible. See Keogh v. Chicago & Northwestern Railway Co., 260 U.S. 156, 164, 43 S.Ct. 47 (1922).

In Far East Conference v. United States, supra, 342 U.S. at 576–577, 72 S.Ct. at 495, Mr. Justice Frankfurter wrote:

"Having concluded that initial submission to the Federal Maritime Board is required, we may either order the case retained in the District Court docket pending the Board's action, General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 432–33 [60 S.Ct. 325, 331, 84 L.Ed. 361]; El Dorado Oil Works v. United States, 328 U.S. 12, 17 [66 S.Ct. 843, 846, 90 L.Ed. 1053]; see United States v. Interstate Commerce Commission, supra, 337 U.S. 426 at 465 [69 S.Ct. 1410, 93 L.Ed. 1451], n. 12, or order dismissal of the proceeding brought in the District Court. * * * "

Under the circumstances of this case, however, a stay of plaintiff's proceeding against the defendants (other than United States Lines) pending action by the Maritime Commission and any judicial action thereon is sufficient.

### MOTIONS BASED UPON DISMISSAL IN THE STATE COURT

With the consent of the court the defendants Mayer, Shenango, F.C.A., Bart Miller and Schmid Bros. Inc. moved by amended notice of motion to dismiss the alleged second cause of action upon the ground that the same cause of action was discontinued *with prejudice* against plaintiff in an action previously brought by plaintiff against said defendants in the Supreme Court of the State of New York; that plaintiff took no appeal from said order of discontinuance and that

its time to appeal therefrom has expired and that plaintiff is estopped from asserting said second cause of action.

The facts without dispute show that:

(1) The second cause of action here is identical to the first cause of action set forth in the State action in which the plaintiff was Maddock & Miller, Inc. and the defendants were Mayer China Company, F.C.A. Inc. (Fine China Associates, Inc.), Herbert W. Mueller (Bart Miller), John Shepherd, William P. C. Adams, Schmid Bros. Inc. and Paul H. Schmid. The defendants in the Southern District action include the defendants in the state action plus Shenango China Company;

(2) At the time of the motion by present plaintiff to discontinue the state action it submitted a proposed complaint to be instituted in this court (Southern District of New York). This complaint is identical to the first cause of action instituted here.

The order in the state court dated March 10, 1964 provided in effect that the state action was discontinued *without prejudice* as to the claim alleged in the said proposed complaint to be served in *the new action to be commenced by plaintiff* in the United States District Court for the Southern District of New York, *"but otherwise with prejudice."*

This, therefore, discontinued with prejudice the same cause of action that is now resurrected in the second cause of action in this, the federal case. The only part carved out of the dismissal with prejudice was the cause of action set forth in the proposed complaint which is the first cause of action here in the federal court.

Shenango China Company was not a party to the state action. Plaintiff claims, and the defendant Schmid Bros. Inc. concedes, that it was not served and did not appear in the state action.

■■ A discontinuance "with prejudice" in an action in New York operates to bar the reinstitution of the same action in the New York state courts.

Brown v. Bullock, 17 App.Div.2d 424, 235 N.Y.S.2d 837 (1962). However, a discontinuance "with prejudice" before a case has gone to trial is not a determination on the merits. Putvin v. Buffalo Electric Co., 5 N.Y.2d 447, 460, 186 N.Y.S.2d 15, 158 N.E.2d 691 (1959).

In Brown v. Bullock, supra, the Appellate Division, in affirming a dismissal with prejudice, said:

" * * * [Defendants'] insistence on a discontinuance with prejudice is not due to fear that the action will at some later date be reactivated. Their purpose is to present in the Federal Court an adjudication that is final on the same facts and contentions, and thereby, on the principles of *res judicata*, present to the United States Court a *fait accompli*. In affirming the disposition below we do not wish to be understood as intending that result. We mean merely that as far as the courts of this state are concerned the action is precluded." 17 App. Div.2d 428, 235 N.Y.S.2d 841.

■ Therefore, the dismissal of what is here the second cause of action "with prejudice" in the state court does not, in my opinion, bar the plaintiff's second cause of action in the federal suit.

However, plaintiff's assertion of the second cause of action is still premature. In accordance with the discussion and authorities cited as to the first cause of action I must, therefore, stay the plaintiff from proceeding with the second cause of action herein pending action of the Maritime Commission.

IN SUMMARY

(1) The motions of the United States Lines to dismiss as to the first and third causes of action are granted.

(2) The motions of defendants to dismiss the second cause of action are denied but the plaintiff is stayed pending action of the Maritime Commission and any judicial action thereon from proceeding in any respect upon the said second cause of action herein.

(3) The plaintiff, pending action of the Maritime Commission, and any judicial action thereon, is stayed as to any proceeding against the defendants herein on the first cause of action.

Settle orders on notice pursuant to the above.