Clarence J. Henry, J,
This is a motion on "behalf of the third-party defendants to dismiss the first cause of action in the amended complaint against them on the ground of legal insufficiency. (The first cause is based upon implied indemnity arising from negligence; the second cause is based upon contractual indemnity, and is not questioned herein.)
The contention of the moving parties is that the complaint against the third-party plaintiffs in the primary action alleged active negligence only and thus eliminated the right on the part of the latter to seek indemnity.
The primary complaint sets forth the basic factual background as follows: The third-party plaintiffs, under the name and style of 1 ‘ Four Forty Enterprises ”, were the owners of realty located at 414r-462 Lake Avenue, in the City of Rochester, known as “ The Old Genesee Brewery ”. Sometime prior to April 12, 1960 they engaged as general contractors in dismantling and demolition of a building thereon and entered into a contract with the third-party defendants whereby the latter were actually to do the work involved. During the course of the work a large opening was created in one of the walls for the purpose of removing some large steel tanks. Workmen employed on the project were thereafter accustomed to pass through the opening and, on the above-mentioned date, the plaintiff’s intestate, an employee of the third-party defendants, was injured when the wall surrounding the hole collapsed, the injuries resulting in his death.
The third-party complaint contains, in substance, allegations that the third-party defendants, as part of their contract, agreed to make the opening which collapsed; that, if there was liability for the death of plaintiff’s intestate, it resulted from active negligence on the part of the third-party defendants; and that the third-party plaintiffs were, at most, guilty of passive negligence only.
Whether the third-party complaint can be permitted to stand depends upon the allegations of the primary complaint, not upon allegations by the third-party plaintiffs tending to indicate that they were but passively negligent. The plaintiff sets the pace, so to speak, by the tenor of his complaint. He sues whom he will, selects the theory and by his allegations creates or eliminates the further rights of potentially involved parties.
*212 As Chief Judge Conwat held in Putvin v. Buffalo Elec. Co. (5 N Y 2d 447, 455): “ Where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tort-feasor is not entitled to indemnity (see, e.g., Messaro v. Long Is. R.R. Co., 274 App. Div. 939).” (Emphasis supplied.)
The rationale of the rule is, of course, that allegations solely of active negligence limit the plaintiff to proving just that; failing, his cause falls, even though, perchance, his proof may be capable of establishing passive negligence. Under such allegations the defendant (third-party plaintiff) cannot recover over if he is proven actively negligent, for he is then, at best, a joint tort-feasor, powerless to compel contribution; and if he is shown only to have been passively negligent, he has no need to recover over, for the plaintiff has not made out a case against him.
It is the allegations of the primary complaint, then, which must be examined and characterized. If they are limited in scope to charges of active negligence against the third-party plaintiffs the motion of the third-party defendants must be granted. If they charge passive negligence — or if they charge both active and passive negligence (see Johnson v. Endicott Johnson Corp., 278 App. Div. 626) — the motion should be denied.
Examination satisfies that the allegations of the primary complaint herein are limited to charges of active negligence. In substance they claim that the third-party plaintiffs retained full supervision and control over the work done on their premises; that the hole around which the wall collapsed was created under their supervision; that, having created the danger, they failed to brace the wall and opening, to warn of the menace, or to take safety precautions over a period of approximately two months, during which they permitted and directed the plaintiff’s intestate, among others, to work in and about its environs; that they negligently caused the wall to fall on the plaintiff’s intestate.
While some of the above allegations indicate faults of omission, they nevertheless charge only active negligence. A fault of omission as well as one of commission may amount to active negligence (McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 330), and active negligence has been defined as “ the failure to observe for the protection of the interests of another person that degree of care and vigilance which the circumstances justly demand”. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 456, supra.) (See, also, Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, affd. 263 N. Y. 547.)
*213 As the primary complaint essentially charges the third-party plaintiffs herein with the “ creation and continuance of a dangerous situation and a participation ‘ in the wrong which created the damage ’ ” (see Bush Term. Bldgs. Co. v. Luckenbach S.S. Co., 9 N Y 2d 426, 430) and actual fault is the only basis of the claim against them, they cannot claim over.
One charge of the primary complaint has given momentary pause, for it alleges failure of the third-party plaintiffs to provide a “ safe place to work”. Here lies initial suspicion of inclusion of an item of passive negligence. Failure of an owner to perform such a nondelegable duty would, alone, be but passive negligence, and if a question as to whether this was the extent of the third-party plaintiffs involvement was opened up for determination upon the trial, the rule in Johnson v. Endicott Johnson Corp. (278 App. Div. 626, supra) would apply, and the third-party complaint should be permitted to stand. However, the allegation of “furnishing an unsafe and unsuitable place to work ” is immediately preceded by the word “thereby”, and the whole clause follows on the heels of the allegations of active negligence above mentioned. The clause must, therefore, be regarded as a statement of the result of the active negligence, and not an allegation of passive negligence. The motion to dismiss the first cause of action of the amended third-party complaint is granted. Ten dollars costs.