■ JOSEPHINE R. SIGISMONDI, as Administratrix of the Estate of ANGELO P. SIGISMONDI, Deceased, Plaintiff, v. AARON LEWIS et al., Doing Business under the Name of FOUR FORTY ENTERPRISES, et al., Defendants. AARON LEWIS et al., Third-Party Plaintiffs-Appellants, v. SIGISMONDI EXCAVATORS, INC., Third-Party Defendant-Respondent, and ALEX SIGISMONDI, Third-Party Defendant.— Order reversed, without costs of this appeal to any party, and motion denied, without costs. Memorandum: The main complaint charges that the third-party plaintiffs, who were the·owners of the building, "allowed and permitted the aforesaid brick wall to fall on and collapse" while the third-party defendant, who had made the opening in the wall, was carrying out its work. It is clear that if the third-party plaintiffs had actual notice of a dangerous condition and acquiesced in its continuance they would properly be charged with affirmative negligence. However, this allegation is equally susceptible to interpretation that it charges passive negligence, if in fact the only notice the appellants had · of the dangerous condition was constructive. If this should be the case then the appellants are entitled to recovery over as against the affirmative tort-feasor. (*Brady* v. *Weiss & Sons,* 6 A D 2d 241, 243.) Section 193-a of the Civil Practice Act should be liberally construed in the circumstances here presented and the parties should have the opportunity to present their proof at trial before the fate of the third-party complaint is determined. (*Pochari* v. *County of Westchester,* 15 A D 2d 823; *Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468, 471.) All concur, except Williams, P. J., and McClusky, J., who dissent and vote to affirm on the ground that the complaint does not contain any theory of passive negligence. (Appeal by defendants and third-party plaintiffs from order of Monroe Special Term dismissing the first cause of action in the amended third-party complaint.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ. [32 Misc 2d 210.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD OAKLEY BRYANT, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Onondaga County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.