In the Matter of MATTEO LAGANA, Petitioner, against STATE LIQUOR AUTHORITY et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority revoking petitioner's hotel liquor license, forfeiting his bond, and directing that no license be issued for the licensed premises for a period of twelve months, transferred to this court by Special Term for disposition, the determination of the State Liquor Authority is unanimously confirmed and the petition dismissed, with $50 costs and disbursements to respondents. The determination by the authority is supported by substantial evidence. Present — Nolan, P.J., Carswell, Johnston, Adel and Sneed, JJ. [See post, p. 994.]

FRED MESSARO, Plaintiff, v. LONG ISLAND RAIL ROAD COMPANY, Respondent, and FRANCIS PFOST, Appellant.— In an action to recover damages for injuries sustained in a collision between the automobile of the defendant-appellant, in which plaintiff was a passenger, and a railroad train of the defendant-respondent, the latter cross-complained for indemnity from the defendant-appellant upon the allegation that the negligence of the defendant-appellant was primarily responsible for the accident. This appeal is from the order denying appellant's motion to dismiss the cross complaint. The order, insofar as appealed from, is reversed on the law, with $10 costs and disbursements, and appellant's motion to dismiss the cross complaint is granted, with $10 costs. Under the allegations of the complaint the defendant-respondent railroad company can be held liable to plaintiff only if its own active negligence is shown to be a proximate cause of plaintiff's injuries. (Wineck v. Yanoff, 265 App. Div. 835; Rosenman v. Detz, 259 App. Div. 911; Secor v. Levine, 273 App. Div. 899; Wolf v. La Rosa & Sons, 272 App. Div. 932, affd. 298 N. Y. 597.) Nolan, P.J., Carswell, Johnston, Adel and Sneed, JJ., concur.

PHILIP A. MINKLER, Respondent, v. GEORGE MANEY, Appellant.— In an action to recover damages alleged to have been sustained in the collision of two motor vehicles, judgment in favor of plaintiff, and order denying defendant's motion to set aside the verdict and for a new trial, reversed on the facts, as against the weight of the credible evidence, and a new trial granted, with costs to appellant to abide the event. Nolan, P.J., Carswell, Adel, Sneed and Wenzel, JJ., concur.