DONALD C. MILLIGAN, Appellant, v. VILLAGE OF MAYBROOK et al., Respondents.— Order denying plaintiff's motion for a temporary injunction affirmed, with $10 costs and disbursements. The record does not establish that the denial of the temporary injunction was an improper exercise of discretion. Plaintiff's appeal from the order granting defendants' cross motion to join Orange Stock Farm, Inc., as a party plaintiff or, if said corporation refuses to be a party plaintiff, then as a party defendant, dismissed, on consent of appellant, without costs. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

CATHERINE MONTEVERDI, as Administratrix of the Estate of JOHN MONTEVERDI, Deceased, Appellant, v. FRENCH REALTY CORP. et al., Respondents. FRENCH REALTY CORP., Third Party Plaintiff-Respondent, v. NATHAN HERSH et al., Copartners Doing Business under the Name of BROOKLYN BLOWER & PIPE Co., Third Party Defendants-Appellants. ABE LAZAROWITZ et al., Third Party Plaintiffs-Respondents, v. BROOKLYN BLOWER & PIPE Co., Third Party Defendant-Appellant.— In an action to recover damages for negligence, alleged to have caused the death of plaintiff's intestate, order denying motions by plaintiff and third party defendants to dismiss amended third party complaints for legal insufficiency, and further denying plaintiff's alternative motion to sever the issues raised by the third party complaints, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements to defendants-respondents, and one bill of $10 costs and disbursements to the third party plaintiffs-respondents, payable by plaintiff-appellant and the third party defendants-appellants jointly. Plaintiff-appellant's complaint alleges, *inter alia,* negligence on the part of defendants-respondents in the operation and maintenance of the building in which the accident which caused the death of plaintiff's intestate occurred, in suffering a large quantity of combustible matter to accumulate. This allegation may be read as charging defendants-respondents with passive negligence only. We cannot determine, on the present pleadings, that the third party plaintiffs and defendants were at most joint tort-feasors with respect to the active negligence therein alleged, or that it will be established on the trial, as the third party plaintiffs allege, that they had parted with possession and control of the premises and that no negligence on their part caused the accident complained of. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.