GILBERT W. JOHNSON, Respondent, v. ENDICOTT JOHNSON CORPORATION, Defendant and Third-Party Plaintiff-Respondent. JOHN HAGOPIAN, Third-Party Defendant-Appellant.— Appeal from an order of the Supreme Court, Broome County, denying a motion to dismiss a third-party complaint. The Endicott Johnson Corporation undertook building construction and repair work on its own power house. It retained appellant Hagopian to do steel work. The Endicott corporation in this work maintained and used a hoist. The plaintiff Johnson, an employee of Hagopian, was injured by this hoist. He sued the Endicott corporation. The complaint is very broadly framed in its claim of negligence. Under its allegations it could be found that the corporation's active negligence caused plaintiff's injury. But it also could be found that the injury was due to the corporation's passive negligence, among other things, in failing to learn of a defect in the hoist or to give warning to the plaintiff of its use. There are other possibilities of passive negligence under a pleading framed as this one. The corporation has served a third-party complaint on the defendant Hagopian, alleging, among other things, that the injury as alleged in the complaint was due to the affirmative and active negligence of Hagopian and that the hoist was not used by Hagopian with the consent or permission of the corporation. The relief asked is that the corporation recover over from Hagopian any recovery had against it in the main action. The Special Term denied the motion to dismiss the third-party complaint. Since the complaint in the main action pleads a cause upon which recovery for passive negligence is possible, it is proper to join a third party who, for active negligence bringing about the injury, may be liable over to the original defendant. It is not enough to defeat such a right that active negligence is also claimed in the main action. If that is all that is ultimately established, the Trial Term will not permit a recovery over. But where it may also be found that passive negligence is within the scope of the main complaint it is the practice in this department to allow an action over to be pleaded against one charged with active negligence (*Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468). Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.