Harold Tessler, J.
In a negligence action the third-party defendants move to dismiss the third-party complaint for legal insufficiency.
The plaintiff alleges in his complaint that on April 14, 1961, he was caused to be injured and damaged when he was struck by an automobile owned and operated by the defendant. The plaintiff further alleges that the accident was occasioned through the negligence of the defendant in, among other things, “permitting his motor vehicle to be operated in an unlawful and negligent manner; * * * permitting the said vehicle to be operated at a high and excessive rate of speed * * # permitting the said motor vehicle to be operated in a manner contrary to and in violation of the statutes and police regulations in such case made and provided * * * failing and omitting to take the necessary precautions to avoid this accident.”
It is alleged in the third-party complaint that at the time of the accident the plaintiff and the third-party defendant Pio Beltrani wore employees of the third-party defendant Charles Wallaoh doing business as Wallach’s Service Station; that the latter, through its agents, servants and employees took the defendant’s automobile upon its premises for the purpose of making certain repairs thereto; that while the third-party defendant Pio Beltrani was attempting to repair the vehicle he was caused to move and strike the plaintiff; and that if the plaintiff was injured such injuries were caused through the negligence of the third-party defendants in, among other things, failing to take any proper precautions to prevent the automobile from moving while it was undergoing repairs.
*1097 The third-party defendants argue that if the defendant was in any way actively negligent the third-party complaint must be dismissed, and that even if the defendant was passively negligent the action is barred as the sole remedy available to the plaintiff is workmen’s compensation.
In Putvin v. Buffalo Elec. Co. (5 N Y 2d 447, 454-455) the court stated, as follows: “ The right of a defendant to implead another, then, depends upon his being able to demonstrate a right to be indemnified by the one he seeks to implead. As stated in McFall * * * [304 N. Y. 314, 327-328], where several tort-feasors are involved, an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. So it is that a claim over against a third person charging the third person with active negligence will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant (see, e.g., Monteverdi v. French Realty Corp., 274 App. Div. 945, where the defendant was charged with negligence, among other things,£ in suffering ’ a large quantity of combustable matter to accumulate on its property. This was held to allege passive negligence). Conversely, where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tort-feasor is not entitled to indemnity (see, e.g., Messaro v. Long Is. R. R. Co., 274 App. Div. 939). If the then defendant is alleged to be guilty of both active and passive negligence, impleader of the person claimed to be guilty of active negligence is proper (see, e.g., Johnson v. Endicott Johnson Corp., 278 App. Div. 626).”
In the case at bar the defendant is charged with negligence ££ in failing and omitting to take the necessary precautions to avoid this accident.” It is possible, under the allegations of the complaint, that the defendant will be held liable for some act or omission constituting passive negligence in connection with the repair of his vehicle by the third-party defendant. If he is held liable for such passive negligence, then a claim for indemnification would be proper. Of course, if it is proved upon the trial that he was not negligent at all or that his sole negligence was active, then the claim over must fail.
The contention that the Workmen’s Compensation Law bars the third-party action is without merit. Where there is an independent duty owed by an employer to a third party, the Workmen’s Compensation Law does not bar a claim over by the third party against the employer for indemnification, (Westchester *1098 Light. Co. v. Westchester County Small Estates Corp., 278.N. Y. 175.)
The motion is denied. The third-party defendants may answer the complaint and the third-party complaint within 20 days after the service of a copy of the order to be entered hereon.