Scileppi, J.
Plaintiff commenced this action against Associated Dry Goods Corp., Posillico Construction, Inc., and the County of Nassau to recover damages for injuries sustained when she fell over gravel and stone in Associated’s parking lot. Associated cross-claimed against Posillico. The jury returned a general verdict in favor of plaintiff against all the defendants and a special verdict in favor of Associated on its cross claim, finding Associated passively and Posillico actively negligent. The Appellate Division affirmed both the judgment in plaintiff’s favor and the findings of fact implicit in the general verdict, but reversed, as without any evidentiary support, the special finding that Associated was passively negligent, and dismissed the cross complaint upon the law. Upon plaintiff’s concession that no cause of action had been proven against the County of Nassau, the judgment against the county was reversed and the complaint dismissed.
Associated owned and operated a department store, better known as Lord & Taylor, located on the east side of Shelter Rock Road in Manhasset, New York. The parking lot in question also was owned and operated by Associated for the convenience of its customers and was located on the west side of the road across from the store. The accident occurred at about 10 :00 a.m. on July 2, 1958, when plaintiff was crossing the parking lot on her way to the store. Plaintiff, who had never previously been to the store, had driven into the parking lot with a friend. After parking the car they began to walk across the lot toward the store. Plaintiff testified that she was looking toward Lord & Taylor when she stepped on a stone and fell. That part of the parking lot contained an area of about 20 feet square covered with gravel and rocks, some of which were the size of hens’ eggs.
In February, 1957 the County of Nassau, for the purpose of widening Shelter Rock Road, condemned a strip of land about 25 feet wide along its west side, including the frontage of Associated’s parking lot. The county thereafter hired Posillico to perform the widening operations, which work was commenced in February, 1958. During the course of the work Posillico’s trucks and equipment were in and around the parking lot. Between June 10 and 13, 1958, Posillico dug a trench about 25 feet from the western edge of Shelter Rock Road, starting approximately 20 feet south of the entrance to the parking lot. *116 The trench was required in order to transplant hedges which bordered the existing roadway. On June 30, 1958 Posillico transplanted the hedges into the trench using a grade-all machine and several laborers. On July 1, 1958 Posillico’s workmen “ heeled ” in the hedges, finishing their work by 4:30 p.m. that day. No work was performed by Posillico in or around the parking lot on July 2, the date of the accident.
Associated’s assistant manager testified that it was his custom to inspect the parking lot every day, and that at about 8:45 a.m, on July 2, while walking through the parking lot to the store, he made a casual inspection of the parking lot and saw nothing unusual. He testified, however, that after the accident he saw stones in the lot, and added, without objection, “ I believe they were the debris left from the construction work ”. Associated’s service manager also testified that she failed to notice any stones when she passed through the parking lot before the accident, but admitted that she saw the stones there after plaintiff’s fall.
The trial court charged the jury that in order to find Posillico and Associated liable they must determine that Posillico was responsible for the existence of the rocks and gravel on the parking lot and that Associated had constructive notice of the condition. In our opinion the findings of fact implicit in the jury’s general verdict on these issues were supported by the evidence.
A different question is presented with respect to Associated’s claim over against Posillico. It is well established that the culpability of the party seeking indemnity determines whether recovery over will be permitted (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426; O’Dowd v. American Sur. Co., 3 N Y 2d 347) —that is, the party seeking indemnity must not be in pari delicto with the party against whom such recovery is sought (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., supra); in other words, he must be a passive, as opposed to an active, tort-feasor. Active negligence, however, is not determined by whether the conduct of the party seeking indemnification is affirmative or permissive, for acts of omission as well as acts of commission may constitute active negligence (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., supra; McFall v. Compagnie Mar. Belge, 304 N. Y. 314, 330; Colon v. Board of Educ. of City of N. 7., 11 N Y 2d 446, 451). Generally, the failure of a landowner to discover and remedy a dangerous condition *117 affirmatively created by another is deemed to be passive negligence only (see, e.g., McFall v. Compagnie Mar. Belge, supra). “ There is, however, a recognized exception to this principle of indemnity. The one seeking indemnity may be barred from recovering from the creator of the danger, if ‘ after discovery of the danger, he acquiesced in the continuation of the condition ’ (Restatement, Restitution, § 95). He is then said to be in pari delicto with the original wrongdoer (Stabile v. Vitullo, 280 App. Div. 191). This exception depends upon a finding of actual notice of the dangerous condition. Obviously, in a case where there is no actual notice but there is only constructive notice, because of failure to discover that which could reasonably have been discovered, the defendant cannot be charged with acquiescence in the dangerous condition as a bar to indemnity.” (Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204, 206; Employers’ Liab. Assur. Corp. v. Empire City Iron Works, 7 AD 2d 1012.)
Associated’s liability here was submitted to the jury solely on the theory of constructive notice. No exception was taken nor was any request made to charge that Associated could be found to have had actual notice. Exception was taken, however, to the charge that passive negligence consists in the omission to perform an act, and that Associated, therefore, could be only passively negligent. While this latter charge was incorrect as an abstract principle, under the circumstances of this case — that Associated was chargeable only with constructive notice — the charge was proper.
In reversing, the Appellate Division held as a matter of law that Associated breached its duty to keep the premises in reasonably safe condition by making a merely casual inspection of the parking lot, and that this breach constituted active negligence. In our opinion this was error, especially since the Appellate Division affirmed the finding of fact implicit in the jury’s general verdict that Associated had only constructive notice. Under these circumstances, Associated cannot be charged with acquiescing in the continuation of the condition after discovery of the danger and therefore be deemed to be in pari delicto with the original wrongdoer. It also follows that the jury’s special finding that Associated was passively negligent was supported by the evidence.
*118 Accordingly, the judgment appealed from should be modified by reversing that portion which dismissed the cross complaint by Associated against Posillico and reinstating the judgment of the Supreme Court in this respect, and, as so modified, the judgment appealed from should be affirmed.