CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment entered on the pleadings.
The factual background is revealed in the opinion of this court in Nutt v. James City, Inc., Fla.App.1964, 162 So.2d 700. Mrs. Nutt obtained judgment against Miami Super Cold Co., Inc. for alleged faulty installation of an air conditioning duct in certain business premises which fell and injured her. Giffin Industries, Inc. was the sub-contractor under Miami Super Cold. In *605 the Nutt case, at a time when Giffin was not a party to the cause, Super Cold attempted to join Giffin as respondent to a third party claim. That attempted cross-: claim by Super Cold against Giffin was dismissed, as there was no authority for it under the rules of civil procedure. See Pan American Surety Company v. Jefferson Construction Company, Fla.App.1958, 99 So.2d 726. And, as held in City of Boca Raton v. Sharp, Fla.App.1958,107 So.2d 271, such dismissal of the attempted third party claim against Giffin was for want of jurisdiction and not on any other ground. That order was designated as being with prejudice. Our affirmance in the Nutt case (162 So.2d 700) included approval of the dismissal of the crossclaim.
In the instant case, which was a separate action by Super Cold against Giffin for indemnity, Giffin answered denying negligence and pleading the prior dismissal of the crossclaim with prejudice as res judi-cata. Based thereon the trial court granted a motion by Giffin for judgment on the pleadings.
On this appeal Super Cold contends, and we agree, that addition of the words “with prejudice” to the order of dismissal for want of jurisdiction did not operate to change the order to a ruling on the merits.
Although the dismissal of a complaint or crossclaim for want of jurisdiction is not an adjudication on the merits (rule 1.35, Fla.R.C.P., 30 F.S.A.), it is proper to designate such a dismissal as being with prejudice, in order to preclude it from being refiled in that cause where there is a want of jurisdiction. But “with prejudice”, as so used in such order of dismissal, does not operate to bar the filing of suit thereon in a separate cause or court having jurisdiction. It was so held in two cases in the State of New York. Putvin v. Buffalo Electric Co., 5 N.Y.2d 447, 186 N.Y.S.2d 15, 158 N.E.2d 691; Brown v. Bullock, 17 A.D.2d 424, 235 N.Y.S.2d 837. In the Brown case, in which reference also was made to the earlier Putvin decision where this precise question was involved, it was said:
“The phrases 'with prejudice’ and 'on the merits’, when used in connection with the dismissal or other disposition of a complaint, are often used interchangeably and without due appreciation of the distinction between them. This comes about because in most instances the effect is the same, namely, the party is precluded from proceeding again on the same claim. But that is not always the case. A complaint dismissed for lack of jurisdiction, or on the ground of forum non conveniens, is dismissed with prejudice. That means that the plaintiff cannot further present his claim in the courts of this state. But it is not an adjudication of the merits of his claim, and obviously is no bar to prosecution of the suit in the proper jurisdiction. In a related situation it was held that the dismissal of a third party complaint because not available in the action was properly made ‘with prejudice’ because the third party plaintiff should not be allowed to assert the claim again in that action and the inclusion of the phrase in the judgment would not prevent him from asserting the claim in an independent action in our courts (Putvin v. Buffalo Elec. Co., 5 N.Y.2d 447, 459-460, 186 N.Y.S.2d 15, 24-26, 158 N.E.2d 691, 697-698).”
Appellant argues that dismissal of the crossclaim in the earlier action, affirmed on appeal, became the law of the case so as to preclude assertion of the claim in a separate action. The argument lacks merit because it assumes incorrectly that the dismissal of the third party crossclaim in the Nutt case was a determination thereof on the merits. Moreover, as the instant proceeding is a separate cause the doctrine invoked would not apply. See Furlong v. Leybourne, Fla.1964, 171 So.2d 1, 3-4; 5B C.J.S. Appeal & Error § 1964a.
*606 For the reasons stated, the order appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.