**Paul B. SCHIPPER, Plaintiff,**

v.

**LOCKHEED AIRCRAFT CORPORATION, Defendant-Third Party Plaintiff,**

v.

**EASTERN AIR LINES, INC., Third Party Defendant.**

**No. 64 Civ. 2235.**

United States District Court
S. D. New York.

Feb. 2, 1968.

744

none

Stelljes & Stelljes, New York City, for plaintiff, Arthur R. Stelljes, New York City, of counsel.

Mendes & Mount, New York City, for defendant-third-party plaintiff, Lockheed Aircraft Corp., James F. Coughlin, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for third-party defendant, Eastern Air Lines, Inc., Robert F. Ewald, New York City, of counsel.

METZNER, District Judge.

The third party defendant, Eastern Air Lines, Inc., moves to dismiss the complaint of the third party plaintiff, Lockheed Aircraft Corporation, on this motion for judgment on the pleadings. Fed.R.Civ.P. 12(c) and 12(h) (2).

Plaintiff instituted suit against Lockheed to recover damages for injuries suffered when an airplane owned and operated by Eastern, and on which he was a crew member, collapsed while taxiing and was destroyed by fire. He alleges that the accident was caused by Lockheed's negligence in "designing, manufacturing, testing and modifying the said aircraft so as to bring about the collapse and failure of the landing gear * * *." He further alleges that Lockheed was negligent "in failing to warn users * * * of known defects in the said landing gear * * * and further failed to implement and carry out sufficient servicing programs * *."

The third party complaint against Eastern alleges that the plane had been flown by Eastern for 21,035 hours, that after 4,322 flying hours Eastern had subjected the landing gear to an X-ray inspection and should have found indications of the alleged defects in the landing gear. It further alleges that if the plaintiff recovers a judgment against Lockheed it will be as the result of Eastern's negligence, for which it should indemnify Lockheed.

 This motion must be decided under New York law. Indemnification can be imposed by agreement or by law. Eastern did not agree to indemnify Lockheed. Under the law applicable to this type of case, indemnification is permitted only if the party seeking this right is passively negligent. Putvin v. Buffalo Elec. Co., 5 N.Y.2d 447, 453, 186 N.Y.S.2d 15, 20–21, 158 N.E.2d 691, 694 (1959). The claim over alleging active negligence on the part of the third party defendant will be allowed if the original complaint alleges passive negligence on the part of the defendant. Monteverdi v. French Realty Corp., 274 App.Div. 945, 83 N.Y.S.2d 758 (2d Dept. 1948). If plaintiff's complaint embraces several theories of negligence, some active and some passive, wherein it is possible that recovery can be based on passive negligence, then it is proper to bring in a third party defendant on a charge of active negligence. Johnson v. Endicott-Johnson Corp., 278 App.Div. 626, 101 N.Y.S.2d 922 (3d Dept. 1951). There is no right of indemnity if the defendant is charged solely with active negligence. Bush Terminal Bldgs. Co. v. Luckenbach SS. Co., 9 N.Y.2d 426, 430, 214 N.Y.S.2d 428, 431, 174 N.E.2d 516, 518 (1961). Acts of omission as well as acts of commission may constitute active negligence. Jackson v. Associated Dry Goods Corp., 13 N.Y.2d 112, 242 N.Y.S.2d 210, 192 N.E.2d 167 (1963).

It has been said that third party complaints should not be dismissed at the pleading stage, especially if they involve the passive and active "dichotomy."

However, if the case is clear, a failure to dismiss upon motion places an unnecessary burden on the third party defendant as well as on the plaintiff. 2 Weinstein, Korn & Miller, New York Civil Practice § 1010.02.

It is clear from reading the allegations of the complaint that Lockheed is charged with active negligence. Whatever duty Eastern may have violated was independent of, and not coextensive with, Lockheed's duty. Guarnieri v. Kewanee-Ross Corp., 270 F.2d 575, 580 (2d Cir. 1959).

The New York courts find passive negligence present when a municipality is the defendant and where it has not committed active negligence. City of Rochester v. Campbell, 123 N.Y. 405, 25 N.E. 937, 10 L.R.A. 393 (1890). Ownership of realty can create this nondelegable duty where the owner is sued by a party injured by a condition of the land created by a contractor hired by a third party, Jackson v. Associated Dry Goods Corp., supra, or where a landlord is held liable for the active negligence of another. Melodee Lane Lingerie Co. v. American Dist. Tel. Co., 18 N.Y.2d 57, 271 N.Y.S.2d 937, 218 N.E.2d 661 (1966). A shipowner who fails to provide a safe place to work for an employee can be found passively negligent. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463 (1952). Vicarious liability as in the instance of master and servant may allow indemnification of the master by his servant. Fedden v. Brooklyn Eastern Dist. Terminal, 204 App.Div. 741, 199 N.Y.S. 9 (2d Dept. 1923). The relationship of contractor and subcontractor may impose this nondelegable duty on a contractor by case law. Schwartz v. Merola Bros. Constr. Corp., 290 N.Y. 145, 48 N.E.2d 299 (1943). For a general discussion, see Comment, 28 Fordham L.Rev. 782 (1960); Note, 39 Cornell L.Q. 484 (1954); 25 N.Y.U.L.Rev. 845 (1950).

 Obviously, none of the above examples apply to this case. The only claim asserted is for the negligence of

Lockheed. If plaintiff is successful on trial, it will be predicated on Lockheed's active negligence and no claim will lie over against Eastern. In fact, a motion by Eastern to dismiss at the close of the case would be granted. Guarnieri v. Kewanee-Ross Corp., 263 F.2d 413, 421 (2d Cir. 1959).

Plaintiff has also alleged a claim against Lockheed based on breach of warranty of merchantability. Lockheed contends that breach of warranty constitutes passive negligence. There is a breach of warranty if Lockheed sold defective goods and this refers only to the condition of the goods as they were sold. In a breach of warranty action, the question of active or passive negligence is not present.

Motion granted. So ordered.