## (May 12, 1970)

■ THOMAS COUGHLIN, Respondent, v. SANFORD NALLITT CO., LTD., et al., Defendants; CONGAREE IRON & STEEL CO., INC., Appellant. CONGAREE IRON & STEEL CO., INC., Third-Party Plaintiff-Appellant, v. NICHOLAS SUCICH, Third-Party Defendant-Respondent.— Order entered January 7, 1970, dismissing the third-party complaint and vacating notices of deposition thereunder affirmed, with $30 costs and disbursements to the third-party defendant-respondent. We agree that "the intendment of the pleaders is reasonably clear." That intendment, however, is clearly spelled out in the complaint without the necessity of torturing it into another meaning that it does not possess. In simple English, the complaint charges active, participating negligence on the part of all three defendants therein named, as joint tort-feasors. There is absolutely nothing in either the complaint or the bill of particulars which may be read, on any reasonable construction thereof, as a claim that defendant-appellant, the would-be third-party plaintiff, stands charged with passive negligence. Accordingly, the third-party complaint, which is drawn on the theory that defendant-appellant was, if negligent, only passively so, may not stand, and was properly dismissed (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, affd. 2 N Y 2d 898), and, of course, vacatur of notices of deposition thereunder must follow. Nor, in reviewing Special Term's order, do we overlook or discount the inordinate delay in defendants-appellants' commencement of the third-party action: the accident occurred in July, 1966; the main action was commenced before the end of that year; the third-party action was not started until April, 1969, long after completion of all depositions in the main action and the filing of a statement of readiness therein. (See Todd v. Gull Contr. Co., 22 A D 2d 904.) Concur — Capozzoli, J. P., Markewich and McNally, JJ.; McGivern and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We believe the order appealed from was improperly granted and that the cross complaint together with the notices of examination dependent upon it should be reinstated. According to the complaint plaintiff was injured while unloading a shipment of steel girders from a truck. It is alleged that the girders were delivered by the moving defendant (Congaree), which defen-

dant had negligently loaded the truck, allowing the girder sections to shift and come apart during the unloading. It is further alleged that the unloading was being conducted by defendant Sanford Nallitt Co., the owner and general contractor, which defendant is alleged to have been negligent in that it supplied improper means of unloading, namely, a fork lift, which caused the accident. The third-party complaint alleges that the truck was unloaded by the third-party defendant, Sucich, pursuant to a contract between Sucich and Delco Steel Fabricators (also a defendant in the main action), and that Sucich supplied the fork lift. While neither the complaint nor the cross complaint is a model of clarity, the intendment of the pleaders is reasonably clear. Plaintiff claims that the accident causing his injury came about because an improper method with inadequate appliances was adopted by Sanford Nallitt Co., which undertook the loading, and that furthermore the truck was improperly loaded and the steel bands around the bundles of girders were of insufficient strength. The test of whether a cross complaint is maintainable is what may possibly develop at the trial (*Pochari* v. *County of Westchester*, 15 A D 2d 823; *Humble Oil & Refining Co.* v. *Kellogg Co.*, 13 A D 2d 754; *Johnson* v. *Endicott Johnson Corp.*, 278 App. Div. 626). Dealing with possibilities, a liberal construction is mandated (*Braun* v. *City of New York*, 17 A D 2d 264). The often shadowy distinctions involved in the active-passive dichotomy are seldom conclusive. Outside of such clear situations as automobile collisions and others where the parties are clearly *in pari delicto,* the preferable practice is to allow the determination to be made after trial (*Tipaldi* v. *Riverside Mem. Chapel,* 273 App. Div. 414, 418, affd. 298 N. Y. 686). Where the acts of negligence are successive (*Melodee Lane Lingerie Co.* v. *American Dist. Tel. Co.,* 18 N Y 2d 57; *Musco* v. *Conte,* 22 A D 2d 121), recovery over has been allowed as against the more culpable tort-feasor. Here numerous situations may eventuate from the evidence which may allow a finding of negligence by Congaree but which would still warrant placing the onus on Sucich.