William R. LEWIS, Jr., and William H.
Deane III, Plaintiffs,

v.

AMCHEM PRODUCTS, INC., a corporation,
Defendant and Third-Party Plain-
tiff-Appellant,

Pete Malone, d/b/a Agair Company, Inc.,
Third-Party Defendant-Respondent.

No. 9532.

Missouri Court of Appeals,
Springfield District.

May 13, 1974.

James C. Bullard, Dalton, Treasure & Bullard, Kennett, for defendant and third-party plaintiff-appellant.

James R. Robison, Robison & Blanton, Thomas R. Gilmore, Gilmore & Gilmore, Sikeston, for third-party defendant-respondent.

TITUS, Judge.

Amchem Products, Inc., defendant and third-party plaintiff, appeals from the order of the Circuit Court of New Madrid County dismissing its third-party petition [Rule 52.11(a), V.A.M.R.][1] against third-party defendant, Pete Malone, d/b/a Agair Company, Inc.[2]

Plaintiffs Lewis (Count I) and Deane (Count II) stated in their petition that in 1970 their respective acreages of soybeans became infested with cockleburs and that they contracted with Malone to treat the infestation with Butyrac 175 via aerial spray. It was averred that defendant Amchem manufactured the chemical, which it supplied "through the marketing service of Delta Custom Farm Services, Inc.," and represented that Butyrac 175 could be applied and used "in controlling weeds, cockleburs and other similar infection [sic] without causing harm to growing crops." The petition alleged that Malone, in order to carry out the contract with plaintiffs, purchased Butyrac 175 from Delta "in the original containers and [that it] was not modified or altered in any fashion that would have caused the chemical to destroy the soybean crop upon which it was being applied." However, the pleading continued, "the said chemical, Butyrac 175, as manufactured and supplied by defendant . . . was not as represented but rather contained impurities or other chemical defects making the said product unreasonably dangerous to the soybeans upon which it was applied," and that immediately after Malone applied the chemical the "crop of soybeans was destroyed and became unfit for sale," all to plaintiffs' damages. Defendant Amchem's answer was a denial of "each and every statement, allegation, averment, matter of fact and thing set forth in . . . Plaintiffs' Petition."

In its third-party petition Amchem averred that if plaintiffs sustained any damages, which Amchem denied, it was "the direct and proximate result of the acts of Pete Malone individually and as the

1. Rule 52.11(a)—". . . after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

2. The trial court designated the order to be final for the purposes of appeal. Rule 81.06.

agent, servant and employee of Agair Company, Inc.", in that Malone "carelessly and negligently applied some product other than a product manufactured by" Amchem, "carelessly and negligently added surfactants, soap, oils and other elements to whatever other element he applied to plaintiffs' crops, . . . carelessly and negligently mixed chemicals in the tanks of his airplanes with other chemicals which would result in a toxic effect to plaintiffs' crops; . . . carelessly and negligently failed to clean the tanks and spray apparatus of his airplanes before loading whatever chemical he placed on plaintiffs' crops; . . . carelessly and negligently failed to determine what chemical he was spraying on plaintiffs' crops and carelessly and negligently failed to properly mix and prepare the proper proportions and solutions of said chemical [and] if Pete Malone used this defendant's product, which this defendant specifically denies, Pete Malone carelessly and negligently failed to mix it to the proper solutions and in the proper proportions and failed to apply same in the proper concentration." The third-party petition, seeking full indemnity, prayed for the amount of any judgment which might be rendered against Amchem and all expenses, costs and attorneys' fees incurred in defense of the action filed by plaintiffs.

■ In their briefs, the parties to this appeal agree that we should consider both the plaintiffs' petition and Amchem's third-party petition to determine whether the latter states a cause of action in indemnity. State ex rel. Siegel v. McLaughlin, 315 S. W.2d 499, 502 [1] (Mo.App.1958). Before we do so, however, it is not amiss to recast, briefly, legal principles which bind us on review. When joint tort-feasors are in pari delicto, i. e., when each is chargeable with active or affirmative negligence contributing to the injury for which recovery was had, neither is entitled to indemnity from the other [Union Electric Co. v. Magary, 373 S.W.2d 16, 22 [3] (Mo.1963)], although one may be entitled to contribu-

tion from the other if they are joint judgment debtors. § 537.060 RSMo 1969. "But the statement of the principle itself suggests, and the cases demonstrate, that 'in many situations, joint tort-feasors are held not to be in pari delicto.'" Listerman v. Day and Night Plumbing & Heating Serv., 384 S.W.2d 111, 117 (Mo.App.1964). Thus, "[w]here a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable." Restatement, Restitution § 93(1); see also Restatement, Restitution § 95. To state it differently, as Missouri authority has, when the supplier or manufacturer of an article is actively or primarily negligent by supplying a product that is unreasonably dangerous for the use for which it was made or supplied, and the person to whom the item is supplied justifiably relied upon the supplier's care but is nevertheless passively or secondarily negligent in causing injury to a third person because of his failure to discover, correct or remedy the danger, the two negligent parties, though both may be liable to the third person, are not in pari delicto and the one that was passively negligent may maintain an action for indemnity against the one that was actively negligent. Simon v. Kansas City Rug Company, 460 S.W.2d 596, 599–600 (Mo.1970); Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., 338 S.W.2d 1, 5–6 [2] (Mo.1960); Barb v. Farmers Insurance Exchange, 281 S.W.2d 297, 304 [10, 11] (Mo.1955); Western Cas. & Surety Co. v. Shell Oil Co., 413 S.W.2d 550, 553–554, 555–556 [3] (Mo.App.1967). In determining the sufficiency of the third-party petition to state a cause of action, we must assume the truth of the facts alleged in plaintiffs' petition

and the petition of third-party plaintiff [Campbell v. Preston, 379 S.W.2d 557, 560 [5] (Mo.1964)], and "accept as true the allegation that third-party plaintiff is guilty of some negligence and then determine from the remaining allegations whether the third-party defendant is guilty of such active and primary negligence that it should be required to indemnify third-party plaintiff to the extent that it may be held liable to plaintiff." Johnson v. California Spray-Chemical Company, 362 S.W.2d 630, 634 (Mo.1962).

Curtly stated, the basis for indemnity is: "A person who [is liable for or who] has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Restatement, Restitution § 76. Viewing plaintiffs' petition and Amchem's third-party petition, it seems apparent that Amchem has not stated a cause of action for indemnity against Malone. There is nothing in the third-party petition, if accepted as true, which indicates any liability on Amchem's part which should be discharged by the third-party defendant. According to Amchem's third-party petition, the negligence of Malone, individually or as agent for Agair, was the sole proximate cause of plaintiffs' damages. If this is true, and Amchem asseverates it is, then Amchem has no right to indemnity and needs none since, under the third-party petition, Amchem cannot be liable to plaintiffs in any event. Averments in the third-party petition that Malone did not use Amchem's product or that if it did he used it negligently by actively adulterating it through improper solutions, proportions and concentrations, amounts to nothing more than a claim that plaintiffs sued the wrong party, which is a complete defense to the original action and provable under Amchem's answer denying all liability. McClish v. Niagara Machine & Tool Works, 266 F.Supp. 987, 989 [2] (S.D.Ind.1967). If Malone

was negligent in any of the respects pleaded by Amchem, he breached no duty owed to Amchem, expressed or implied, but only breached duties owed to the plaintiffs. Plaintiffs' petition does not allege any negligence on Malone's part, and neither plaintiffs' pleading nor the third party petition aver any relationship between Amchem and Malone which, under Missouri law, would render Malone or Agair liable for Amchem's negligence. Howard v. Wilson Concrete Company, 57 F.R.D. 8, 10 [6] (W.D.Mo.1972).

Cases relied on by Amchem, some of which we have previously cited, do not sustain its claim that the third-party petition states a cause of action in indemnity. Authorities fostered by Amchem involve indemnity claims made by those who were passively negligent against others whose co-extensive negligence was active, which is the reverse of and not the situation presented here by the pleadings. Indemnification is permitted only if the party seeking this right is passively negligent—there is no right to indemnity if the party is charged solely with active negligence. Schipper v. Lockheed Aircraft Corporation, 278 F.Supp. 743, 745 [2, 4] (D.C.N.Y.1968). From reading the allegations in plaintiffs' petition it is clear that defendant Amchem is charged with active negligence. Since Amchem was charged by plaintiffs only with active negligence (as distinguished from passive negligence) indemnity will not lie as a matter of law as an actively negligent tort-feasor is not entitled to indemnity. Scala v. American Laundry Machinery Co., 233 N.Y.S.2d 875, 876 [4, 5] (1962). Moreover, and to repeat, from the averments of plaintiffs' petition and those of Amchem's third-party petition it is apparent that whatever duty Malone, as third-party defendant, may have violated or is accused of violating was independent of and not coextensive with the duty owed by Amchem. Guarnieri v. Kewanee-Ross Corporation, 270 F.2d 575, 580 (2d Cir. 1959); Schipper v. Lockheed Aircraft Corporation, supra, 278 F.Supp. at 745;

Anno., Products Liability—Right to Indemnity, 28 A.L.R.3d, § 9(a), pp. 981–987.

The judgment is affirmed.

HOGAN, C. J., STONE and BILLINGS, JJ., and DOUGLAS W. GREENE, Special Judge, concur.