■ MARY NICKS, Respondent, v LAWRENCE M. JOSEPH et al., Defendants Respondents-Appellants and Third-Party Plaintiffs Respondents-Appellants. KLEIN'S DEPARTMENT STORES, INC., et al., Third-Party Defendants Appellants-Respondents. — Order and judgment (one paper), Supreme Court, Bronx County (Callahan, J.), entered May 28, 1980, which, *inter alia,* upon a jury verdict, found for plaintiff against defendant on the issue of liability only, unanimously modified, on the law, without costs or disbursements, to strike the second and fourth decretal paragraphs, to remand the third-party action to Trial Term for an apportionment of liability among the parties thereto under the third-party plaintiff's common-law indemnification and contribution claims and for a trial of its contractual indemnification claim, and, except as thus modified, affirmed. Plaintiff suffered injuries when she fell on a wet stairway in premises leased by the defendant third-party plaintiff to her employer, the third-party defendant. We find that the evidence was sufficient

to justify submission of the issue of the lessor's liability to the jury. The record contains ample evidence of a long-existing defective condition in the roof or skylight, which condition permitted water to seep through the ceiling and walls, with resultant flooding in the landings and stairways beneath. The lessor could properly be charged with constructive notice of this condition. Under the lease the lessor had agreed to make all necessary structural repairs and replacements to the demised premises at its own cost and expense. The lessee was not responsible for structural repairs unless caused by its occupancy or for the repair of damage caused by the elements or normal wear and tear. The lease further provided that the lessor had the right to enter the premises to inspect or make such repairs or alterations as might be necessary. From the date of execution of the lease in 1961 until the date of the accident in 1975 the lessor had never made an inspection or repair of the premises. Thus, a prima facie case was made against the lessor under the holding of *Putnam v Stout* (38 NY2d 607, 611), which adopted the Restatement rule: "'A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if (a) the lessor, as such, has contracted by a covenant in the lease or otherwise, to keep the land in repair; and (b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented; and (c) the lessor fails to exercise reasonable care to perform his contract.' (Restatement, Torts 2d, § 357.)" Moreover, the court did not err in charging that if the jury determined that the roof or skylight was defective, such defect was "structural" within the meaning of the lease. The court also properly left for jury resolution the issue of whether such defect was a proximate cause of the accident. A remand is in order, however, on the third-party action. The court, for which by stipulation of the parties, resolution of the third-party issues was reserved, found that the lessor was entitled to common-law indemnification from the lessee on the ground that the lessee, with actual notice of the leaking condition in the roof or skylight, was actively negligent while the lessor, with mere constructive notice, was only passively negligent. In so ruling, the court relied upon *Jackson v Associated Dry Goods Corp.* (13 NY2d 112). We need not decide whether *Jackson (supra)* has any continuing vitality since *Dole v Dow Chem. Co.* (30 NY2d 143) introduced the principle of proportionate liability among tort-feasors in cases of nonvicarious culpability. Under the Restatement rule adopted by *Putnam (supra)*, the lessor's liability in the circumstances presented here is based upon its own independent negligence, i.e., the failure to repair a long-existing condition as to which it had a contractual duty and of which it had constructive notice. Thus, an apportionment of liability between lessor and lessee, which the defendant third-party plaintiff had sought, was in order. Furthermore, the court erred in refusing to entertain the lessor's third-party claim for contractual indemnification. Such a claim was expressly pleaded and, contrary to the lessee's assertions, was a matter which, when introduced at trial, was hardly a surprise. The lease provided that the lessee would indemnify the lessor for any liability upon it arising from the use of the premises by the lessee or from the failure of the lessee to keep the premises in good condition and repair. Within this indemnity clause was a further provision that after reasonable notice by the lessee of any condition requiring correction by the lessor, the lessee "shall not be deemed to have waived any claim against [the lessor] for damages resulting from the failure of [the lessor] to correct such condition." The interplay of these two provisions creates, at the very least, the factual issue of whether the lessee gave the lessor actual notice of the defective roof or skylight. This matter was never explored after the court excluded the claim for

contractual indemnification. Remand of the third-party claims, which are matters for the court's resolution, need not impede the progress of the damage trial in which the defendant third-party plaintiff and third-party defendant may participate. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Fein, JJ.